## No. 6741.

J. M. TUPERY vs. T. N. EDMONDSON. GORDON & GOMILA, INTERVENORS.

The declinatory Exception, if pleaded in the Answer, should precede the general issue, or it will not be admitted.

Defendant not insisting upon his Exception being tried first and passed upon by the Court, must be considered as having waived it.

It is now well settled that a judgment against a Defendant rendered by another Court than that of his domicil, is valid, if he appears and pleads to the merits.

The factors and agents of the lessee are not third persons, in the sense of Article 288 of the Code of Practice, towards whom the lessor has to make the affidavit therein prescribed.

APPEAL from the Sixth District Court, parish of Orleans. *Righior*, J.

James Legendre and Victor Olivier for Plaintiff and Appellee.

First—Intervenors cannot deny the jurisdiction of the court into which they have voluntarily come. 19 L. 155 ; 8 Rob. 123 ; 30 A. 754.

Second—Neither can they urge the insufficiency of the affidavit on which the writ of provisional seizure issued. 21 A. 118 ; 27 A. 240.

Third—The plea to the jurisdiction *ratione personæ* should have been made *in limine* and before the defendant answered to the merits. C. P. 336 ; 4 Rob. 258 ; 7 A. 239 ; 15 A. 184 ; 26 A. 587.

Fourth—It is now the settled jurisprudence that a defendant can, by pleading to the merits, waive his personal privilege of being suable only before the court of his domicile. C. P. 93 ; 29 A. 194 ; 30 A. 595 ; 31 A. 88 ; do. 583.

Fifth—Defendant, by proceeding to trial without asking for judgment on his plea to the jurisdiction, waived it. 10 L. 228 ; 11 Rob. 402 ; 13 L. 373 ; 30 A. 595.

Sixth—When an absent defendant in an attachment suit appears through an agent and bonds the property attached, the court has a right to render a personal judgment against him, though he was not personally cited ; 7 A. 669 ; 12 A. 493 ; 16 A. 125—and *a fortiori* should such be the case in a provisional seizure where defendant was properly cited.

Seventh—Besides its jurisdiction *in personam* the court below also had jurisdiction *in rem*, because the rice subject to plaintiff's lien as lessor was found in this city, and he had the right to seize the same provisionally. See act 24th March, 1876, amending article 133 of the Code of Practice.

Eighth—Article 288 of the Code of Practice, authorizing a lessor to seize the effects subject to his lien in the hands of third persons, provided he declare on oath that the same has been removed without his consent within fifteen days previous to bringing the suit, is not applicable to this case. The intervenors were not *third persons*, they were merely the agents of the lessee and received the consignment of the rice with the understanding and promise that plaintiff's superior rights should be satisfied.

Ninth—The claim of the owner for rent of the land on which the crop was produced is superior in rank to the pledge of the factor for his advances—Act 1874, p. 114—and *a fortiori* is it superior to the mere privilege of the latter.

Tenth—But, even if the intervenors should be deemed to have been *third persons*, then we contend that article 288 C. P., in so far as it requires the above affidavit, is inconsistent with Act of 1874, p. 114, which, providing for the shipment of the crop to the factor, nevertheless expressly reserves the superior rights of the landlord, and is, therefore, to that extent, repealed by this subsequent statute.

Edward Phillips for Defendants and Appellants.

———

The opinion of the Court was delivered by

Levy, J. Plaintiff sues to recover from the defendant, Edmondson, 434 sacks of rice or its equivalent, $1520 in money, and $360, with interest, the rental of a certain plantation in the parish of St. John the Baptist, leased by him to defendant for the years 1875 and 1876. He averred in his petition that he had by law a lessor's privilege and pledge on the crop of rice raised during the term of said lease on the leased premises, amounting to 1303 sacks of rough rice, to secure the payment of said rent, and he obtained from the Sixth District Court of the parish of Orleans a writ of provisional seizure under which all of said rice was seized by the sheriff. The defendant released the rice thus seized

by giving bond in accordance with the order of the Court, made on his own motion and application. Gordon & Gomila, consignees of the rice, filed an intervention and third opposition, alleging that they were privileged creditors of Edmondson in the sum of $3551 74 for supplies which they furnished him for cultivation of said crop and that they were entitled to be paid in preference to plaintiff.

Defendant answered with a general denial and special plea to the jurisdiction of the Sixth District Court of Orleans either as to the personal action or that *in rem.* He averred that the provisional seizure had been wrongfully and illegally issued, and the seizure of his property under the same was illegal. He pleads in reconvention $500, as damages thereby sustained by him.

The defendant, Edmondson, was a resident of and domiciled in the parish of St. John Baptist and was cited therein.

There was a judgment in the lower Court in favor of plaintiff in accordance with the prayer of his petition, and the claim of intervenors was dismissed. Defendant and the intervenors have appealed.

The question of jurisdiction is the first which we shall consider.

Defendant contends that Act No. 64 of 1876 is confined in its operation to cases where *legal* seizures have been made under the writs enumerated ; and that here the seizure was *illegal;* and, therefore, the Court had no jurisdiction either as to the demand for personal judgment or against the property sought to be subjected, for the reasons, that Act. No. 64 of 1876 provides, that, "in all cases of provisional seizure or sequestration, the defendant may be cited whether in the first instance or in appeal, either within the jurisdiction where the property provisionally seized or sequestrated is situated or found, though he has his domicil or residence out of that jurisdiction." And this act further provides, that, "all judgments rendered in such cases shall only be operative up to the value of the property proceeded against and not binding for any excess over the value of the property, *in personam* against the defendant." Article 288, C. P. provides, that, "The lessor may seize even in the hands of a third person such furniture as was in the house leased if the same have been removed by the lessee, provided he declare on oath that the same has been removed, without his consent, within fifteen days previous to his suit having been brought." Defendant relies upon the laws just quoted to support his defense, as applicable to the facts as set forth in the record.

As to the jurisdiction of the Court, the defendant pleaded his declinatory exception to the jurisdiction *ratione personæ,* too late. He should have declined the jurisdiction either before answering, and *in limine litis,* or if pleaded in his answer, previous to his answering to the merits. C. P. 334, 335, 336. The defendant appeared and in his

answer before setting up his plea to jurisdiction did answer to the merits by *denying generally,* all the allegations of the plaintiff's petition. He thus waived his plea and brought himself within the jurisdiction of the Court and by tending the issue of general denial before pleading to the jurisdiction, became liable to personal judgment as well as to the judgment *in rem;* further, if the plea had been made at the time prescribed by law, he went to trial without insisting that this plea should be passed upon by the Court below, and, therefore, waived it.

11 R. 402; 10 L. 228; 13 L. 373.

It is now well settled in our jurisprudence that "a party may be sued and judgment rendered for or against him by a competent Court, other than that of his domicil, if he appear in such Court and plead to the merits." 29 A. 194; 30 A. 595; 31 A. 88, 583.

As to the legality of the seizure, we consider that Messrs. Gordon & Gomila cannot be regarded as such third persons as are contemplated in the Code of Practice under article above cited. They were the consignees of Edmondson; they had full knowledge of the right of Tupery to one-third of the crop, they expressly recognized the landlord's privilege and lien and had indeed promised to pay the rent out of the property consigned to them and under these circumstances could not be treated as third persons rendering necessary the affidavit required as to the property being removed from the leased premises within fifteen days previous to the institution of the suit. It must be considered also, that the intervenors seek to enforce their claims as pledgees, the Act of March 24th, 1874, in regard to the pledge in favor of merchants, etc., provides, "that the right of pledge thus conferred shall be subordinate to that of the claim of the laborer for wages and for rent of the land on which the crop was produced," and here, then, intervenors held this crop with a full knowledge of the landlord's claims and subject to his rights therein.

Besides, one-third of the crop belonged to the landlord, and the pledgor having a right only to two-thirds of it, the pledgee could under the act of pledge acquire greater rights than the pledgor himself possessed.

The judgment appealed from is, therefore, affirmed with costs.

MR. JUSTICE POCHÉ takes no part in the decision of this case.