No. 10,855.

THE STATE EX REL. CHANDLER VS. FRED. KING, JUDGE OF CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS.

A suit to annul a judgment need not be allotted, as cases before the Civil District Court for the parish of Orleans are required to be, under the Constitution.

Such suit *must* be determined by the division in which the judgment attacked was rendered, which is the *only one* competent to pass upon it.

If allotted to another division, it would have to be referred to the division in which the judgment attacked was rendered.

*Mandamus* issues for the performance of a ministerial duty, and never to coerce the exercise of a judicial discretion, in *a particular way*. The judgment of a competent court can not be controlled in that mode by that of the appellate court, which can reverse it on appeal *only*, or where grave irregularities of form in the proceedings require it.

A PPLICATION for Mandamus.

---

The Relator *in propria persona*.

---

The opinion of the court was delivered by

BERMUDEZ, C. J.   This is an application for a *mandamus*.

The Relator complains that the District Judge has dismissed a suit brought by him because the petition contains insulting and improper expressions, in violation of Article 172, Code of Practice, and he prays that a writ of *mandamus* issue, commanding said judge "to render justice, reinstate the suit, and have it allotted according to law."

The suit had for object the nullity of a judgment rendered in the succession of Emily Glover, on January 10, 1890, in the division over which the District Judge presided, and by himself. It was instituted in the *mortuaria*.

The Relator complains that the case had *not* been allotted to that division, and that the District Judge usurped powers not belonging to him. He avers further that the facts contained in the petition could not be expressed otherwise by him.

The only irregularity charged is that the case was *not* allotted to the division presided over by the District Judge.

The Relator does not undertake to swear positively that the case was not allotted, but simply that he *verily believes* so.

In his return the District Judge affirms that the case was allotted regularly, to his division, on the 27th of April, 1891.

It makes no difference, however, whether it was, or not, for the plain reason that the law requires that a suit to annul a judgment be brought before the court which rendered it, and before no other, and the Constitution has not abrogated it in that respect.

Had the case been allotted to any other division, the judge presiding over it would have had to decline jurisdiction, and to refer it to the division in which the judgment attacked had been rendered. See State ex rel. Chandler vs. Ellis, Judge, recently decided. 43 An., p. —.

Such being the case, it is manifest that the District Judge, defendant herein, not only did not usurp jurisdiction, but was the *only one* competent to pass upon the suit in nullity.

There is nothing to show that the case was appealable.

If it is, the remedy of the Relator would be by appeal, when the correctness of the judgment of dismissal complained of can be considered and determined.

If it is not appealable, that correctness can not be tested, either on an application for a *certiorari* or for a *mandamus*.

In the *first* instance, this court would have authority to inquire into the matter *only* to ascertain the validity of the proceedings in point of form, and in no way to pass upon the intrinsic correctness of the judgment of dismissal.

In the *second* instance, this court would likewise be impotent to afford the relief asked, for the reason that *mandamus* issues merely to compel the performance of a ministerial duty, and that, in the

present instance, the defendant has exercised a legal judicial discretion vested in him by law.

His judgment can not be reversed by *mandamus*. Doing so, would be to substitute ours to his, in a matter which he has the right to determine for himself.

Application refused.