BREAUX, O. J.
The plaintiff sued for $3,-000 for alleged damages for the asserted cutting down and destroying of his trees.
The lands on which the trees were cut down are situated within the limits of the parish of Grant.
Plaintiff brought his suit in the parish of Winn, where the defendants have an office and a stave factory.
Service was made on defendant company’s agent and manager at the office of the company.
Defendants make no issue on the ground that the suit could not be brought within the parish of Winn as relates to domicile, if the suit was properly brought in that parish.
Plaintiff alleges in his petition that he is the owner of the property; that he has title. He sets forth his title and alleges that he is in possession.
He charges that the defendant without right illegally and wantonly went upon the land, took illegal and forcible possession, and without his knowledge cut and destroyed many valuable trees, for which he claims damages as above stated.
Plaintiff further charges that defendant in so doing committed trespass, and he prays for damages.
Defendants filed a general deniál, and said that they bought the property in good faith, that the title was good and sufficient, and that they went into possession of the property and cut down trees.
After this answer had been filed, placing the case completely at issue on the merits, the defendants filed an exception of want of jurisdiction ratione materise.
The judge of the district court maintained the exception and dismissed the suit.
The defendants cannot be heard to object to the court’s jurisdiction ratione personae after appearance on the merits.
As to the exception ratione materise there is no ground for an exception of want of jurisdiction.
The court had jurisdiction of the subject-matter pleaded.
We will not affirm a judgment dismissing the suit on the ground that the court was without jurisdiction ratione personae when that exception is not presented by the pleadings.
There are two distinct pleas as relates to jurisdiction: One ratione personae, and the other ratione materise.
The plea of want of jurisdiction ratione personae must be specially pleaded. It cannot be supplied.
Furthermore even if the defendants had pleaded the want of jurisdiction ratione personae as the plea was filed after the answer, *415 they would be without right to a dismissal of the suit.
The plea being here one of ratione materise presents the only issue for decision.
By filing the answer, defendants in effect waived jurisdiction ratione personae, and, in addition, we will not undertake to sustain the plea of want of jurisdiction ratione per-sonte on an exception of want of jurisdiction ratione materise.
Furthermore, parties may waive jurisdiction ratione personae. Phipps v. Snodgrass, 31 La. Ann. 88; Marqueze v. Le Blanc, 29 La. Ann. 194; Ranlett v. Collier White Lead Co., 30 La. Ann. 56; Stackhouse v. Zuntz, 36 La. Ann. 529.
This court has decided that the filing of the answer without objection was in effect a waiver of jurisdiction ratione personae.
A very similar question was passed upon in State v. Buck, 46 La. Ann. 656, 15 South. 531, and in that case effect was given to the appearance which had been filed before the exception was interposed by the defendant.
It is therefore ordered, adjudged, and decreed that the judgment appealed from is avoided, annulled, and reversed.
It is ordered, adjudged, and decreed that the case be reinstated for trial and be tried as if it had not been dismissed.
Appellees to pay costs of the appeal, and the costs of the lower court to await final decision of the case.