PROVOSTY, J.
Section 21 of Act 267, p. 521, of 1914, provides as follows:
“Every corporation organized under the laws of this state, and every foreign corporation doing business in this state, shall, once in every calendar year, upon request of any stockholder of record sent to such stockholder by mail, addressed to his last known post office address, a report made and verified by the president or vice president and secretary or assistant secretary, containing information on the following subjects, as shown in the last annual report of the company.
“(a) The amount of its authorized capital stock, and the proportions actually outstanding and paid for;
“(b) The amount, nature, and character of its debts, showing the amount secured and unsecured;
“(c) The amount, nature and character of its assets;
“(d) The names and addresses of all directors and all officers. * * *
“If either or both of such officers shall neglect or refuse to make and mail or deliver to such stockholder, within fifteen days after the written request by the stockholders so to do, they shall be under a penalty of fifty dollars ($50.00), recoverable by such stockholder, for every day such officer or officers shall so neglect * * * to make and mail or deliver the statement hereinabove described.”
Plaintiff is a stockholder of the Business Men’s Racing Association, Incorporated. He alleges failure on the part of the president of the said association to comply with his request that the information required by said statute to be furnished be furnished him, and asks for a mandamus to compel said president to furnish said information, and that he be condemned to pay him said penalty.
Judgment was rendered in the suit in term time. Plaintiff applied for the present appeal during the vacation of the court, and by motion in open court, instead of by petition and citation.
Appellee moves to dismiss the appeal on the grounds: First, that the amount involved is less than $2,000, the lower limit of the jurisdiction of this court; and second, that the motion for the appeal was not made at the same term at which judgment was rendered.
[1] The $50 per day penalty ran from May 27, 1916; the judgment was rendered on June SO, 1916; the appeal was applied for on duly 6, 1916. The amount of the penalty was therefore $1,700 at the date of the judgment, and $2,000 at the date the appeal was taken. However, as the amount would inevitably be very much in excess of that sum before the c-ase could be heard on the appeal, we think the amount involved in the appeal must be held to have been in excess of $2,000, and that, therefore, the proper court to which to appeal the suit for recovering the penalty was this court.
[2] Appellant does not pretend that in an ordinary suit on a moneyed demand the appeal could be taken by motion out of term time, nor that the mandamus part of the present suit, disconnected with the penalty part, involves an interest of the value of $2,000, but contends: First, that the two demands are to be considered as constituting but one suit, the penalty being but a consequence of the failure to furnish the in *257 formation, and the demand for it being, therefore, but an incident of the mandamus; and, secondly, that the mandamus suit is appeal-able by motion out of term time, and that it carries with it the penalty demand, as an incident.
Very true the penalty is a mere consequence of the failure to furnish the information ; but, none the less, the two demands, one for the mandamus and the other for the penalty, are in no way interdependent, but are distinct and separate. They might have been brought separately, or one without the other. Their being included in the same petition does not change their nature; and a demand of which this court has not jurisdiction cannot be brought within the jurisdiction of this court by being included in a petition with another demand of which the court has jurisdiction.
An inference might arise from the foregoing that, if the two suits had been linked together as contended, the appeal would have had to be maintained, because the mandamus suit was appealable by motion out of term time. We do not wish to be understood as being of the opinion that the mandamus suit was appealable in that manner.
[3, 4] Prior, to Act of March 22, 1843, p. 40, appeals could be taken only by petition and citation. That act amended article 573 of the Code of Practice so as to allow appeals to be taken “by motion in open court at the same term at which judgment i was rendered.” By article 830, C. P., and Act 4, p. 5, of 1896, the civil district court (from which the present appeal was taken) remains open throughout the year for the trial of mandamus cases. In the case of State ex rel. v. Judge, 21 La. Ann. 733, this court said:
“If the court be open to try the case, we think it is also open to entertain a motion for appeal.”
This reasoning loses sight of the fact that in order that an appeal may be taken by motion, it does not suffice that the court should be open, but that it is also required that the motion for the appeal should be made at the same term of court at which judgment was rendered. Unless, therefore, the space of time, or vacation, between two regular terms can be held to be a sort of term within the intendment of said act of 1843, and the judgment be rendered in that vacation, it would follow that an appeal could not be taken by motion during the vacation. And whether this statute could be stretched in that way, so as to cover a case not within its letter, construing a vacation into a term of court, is very questionable, since it is a statute in derogation of common right, and therefore strietissimi juris. At all events, a judgment rendered in term time is certainly not appealed at the same term if appealed after the term has expired.
Said statute is in derogation of common right, because ordinary justice requires that a party should be afforded an opportunity to be heard before being condemned in person or property; and this imports actual notice, ^whereas this statute makes constructive notice stand in the place of actual notice, proceeding upon the theory that the litigant is present in court all the time, and hence that everything there done is done in his presence and to his knowledge. A most violent presumption, we say, and not to be extended beyond the very letter of the law.
Appeal dismissed.