(81 South. 437)

No. 22009.

Succession of POWERS v. HOWCOTT.

(March 31, 1919.)

*(Syllabus by Editorial Staff.)*

1. JUDGMENT ⬛455 — ANNULMENT — JURISDICTION.

The part of plaintiff's supplemental petition asking for the annulment of a judgment for certain parties claiming under alleged invalid tax titles should have been brought in the division of the civil district court wherein the judgment was rendered, under Code Prac. arts. 606, 609, and 610, and Const. art. 124, and the rules of court, and would be transferred thereto and docketed as part of original suit; the division in which it was brought to retain jurisdiction over part of supplemental petition not so transferred.

2. DISMISSAL AND NONSUIT ⬛47—PARTIES.

A judgment dismissing a suit as to defendants in the original suit and those made parties defendant by supplemental petition was erroneous, where the only matters submitted to the court were the exceptions to the supplemental petition, as the case was not tried on its merits.

O'Niell, J., dissenting.

Appeal from Civil District Court, Parish of Orleans; E. K. Skinner, Judge.

Suit by the succession of Samuel Powers against W. H. Howcott, and a supplemental petition by plaintiff against Howcott and others. Exceptions by defendant Howcott and another to plaintiff's supplemental petition sustained, and suit dismissed as to defendant, Howcott, and another, and plaintiff appeals. Judgment amended, exceptions maintained, and supplemental petition transferred to division E of the civil district court; division C to retain jurisdiction over the other demands in the original and supplemental petition and to proceed with the case.

Loys Charbonnet and Pierre D. Olivier, both of New Orleans, for appellant.

Hall, Monroe & Lemann, of New Orleans, for appellee Sheldon.

SOMMERVILLE, J. This suit was originally brought by plaintiff, the succession of Samuel Powers, December 16, 1903. Plaintiff in his petition prayed for judgment against W. H. Howcott annulling certain tax titles held by him; and it asked for judgment decreeing it to be the owner of the property described in its petition. On December 11, 1911, Charles Louque, alleging himself to be the transferee of the succession of Samuel Powers, filed a supplemental petition in the cause and asked that he be quieted in the possession of the property involved. Exceptions were filed to that supplemental petition; and on appeal the judgment was affirmed sustaining said exceptions, the court saying:

"We consider the judgment below as going no further than to dismiss the proceedings instituted by Mr. Louque leaving the original suit on the docket to be proceeded with according to law." 137 La. 818, 69 South. 198.

On January 12, 1916, the succession of Powers filed another supplemental petition in the cause, setting forth that the property had been transferred by Howcott several times during the pendency of the suit, and

that the transfers were nullities for reasons set forth in said supplemental petition. It further alleged that one of the nominal owners of the property, the Aztec Land Company, Limited, had filed a suit to confirm its title to the property involved on December 14, 1903, which was two days prior to the date of filing the original petition in this case. It further alleged that the said suit of the Aztec Land Company had been allotted to division E of the civil district court, where judgment had been rendered confirming the tax title under which the land company pretended to hold; the number of the suit being 72264. It further alleged that this judgment confirming the tax title was an absolute nullity for various reasons set forth in the supplemental petition; and it prayed that it—

"be allowed to file the supplemental petition, that William H. Howcott, the Aztec Land Company, Limited, the Quaker Realty Company, Limited, Samuel S. Labouisse, Harley A. W. Howcott, the Orient Company, Limited, and John Sheldon be cited to appear and answer this petition, and that after due proceedings had that petitioner have and recover judgment declaring absolutely null and void the judgment in suit No. 72264, confirming titles to squares 7 and 12 of Marly and ordering its erasure from the conveyance in Book 198, folio 623, and recognizing the succession of Samuel Powers as the lawful owner of said squares 7 and 12 of Marly, described as follows," etc.

Exceptions were filed to this last supplemental and amended petition by Howcott and Sheldon, on the ground:

"That this court is without jurisdiction to entertain a demand to annul a judgment of division E of the civil district court, and therefore this suit should be dismissed."

There was judgment maintaining the exceptions, and the entire suit was dismissed as to Howcott and Sheldon. Plaintiff, the succession of Powers, prosecutes this appeal from that judgment.

[1] It is clear that that portion of the supplemental petition filed by plaintiff which asks for the annulment of the judgment in favor of the Aztec Land Company, confirming it in its tax title, should have been brought in the court wherein that judgment was rendered. C. P. arts. 606, 609, and 610. And the Constitution (article 124) provides that the judge to whom a case is allotted in the civil district court for the parish of Orleans shall have exclusive control over it from its inception to its final determination in said court. The rules of the court also provide, in accordance with the law:

"Suits or proceedings not in their nature original but growing out of suits or proceedings previously pending, such as actions of nullity of judgment, * * * shall be treated as parts of the original suits out of which they arise, and be docketed and numbered as parts of such suits and follow the allotment or assignment to the respective divisions of the court which shall have been made of the original suits."

The only difficulty presented is in the fact that plaintiff, in its supplemental petition, now under consideration, made several demands other than the one for the nullity of the judgment rendered by the judge of division E of the civil district court. But that difficulty might have been removed by maintaining the exceptions of defendants to that portion of plaintiff's demand which asked for the nullity of the judgment of division E, and ordering that portion of said petition transferred to division E to be docketed and treated as a part of the original suit of the Aztec Land Company for the confirmation of its tax title, and to have retained jurisdiction over that portion of the supplemental petition which had been regularly allotted to division C of the court.

[2] The judgment "dismissing this suit as to both said defendants" is clearly erroneous. The only matters submitted to the court were the exceptions to the supplemental petition. The case was not tried on its merits.

It is therefore ordered, adjudged, and de-

creed that the judgment appealed from be amended; that the exceptions filed by Howcott and Sheldon to the jurisdiction of division C of the civil district court as to that portion of the supplemental petition which asked for the annulment of the judgment rendered in suit 72264 of the docket of the civil district court, entitled the Aztec Land Company, praying for confirmation of title, in division E of said court, be maintained and that the demand for the nullity of that judgment be transferred to division E, under No. 72264 of the docket; that division C retain jurisdiction over the other demands made in the original and supplemental petitions in this case; and that the case be proceeded with according to law, the costs of this appeal to be paid by the appellees.

MONROE, C. J., takes no part.

O'NIELL, J., dissents, being of the opinion that a dismissal of the demand for annulment of the judgment rendered in division E should put an end to the present suit in division C.