(101 South. 150)

No. 26555.

### BROTT et al. v. NEW ORLEANS LAND CO.

### In re NEW ORLEANS LAND CO.

(June 27, 1924.)

*(Syllabus by Editorial Staff.)*

**Courts** ⬤⟿80(1)—**Rule requiring jury cases be tried in particular division held valid, notwithstanding conflict with Code.**

Order or rule of Supreme Court requiring all civil jury cases in district court for parish of Orleans to be tried in particular division of that court entered under authority of Const. 1921, art. 7, §§ 12, 80, is valid, notwithstanding its conflict with Code Prac. art. 608, requiring cases to annul judgments to be heard before division entering judgment, and, where jury trial in such case was granted, cause should at once have been transferred to division specified.

Action by Robert R. Brott and others against the New Orleans Land Company. On petition of defendants praying annulment of judgment against them the court refused to transfer the cause to a particular division for jury trial, and defendants applied for writs of prohibition and mandamus. Order annulled and set aside, cause reinstated, rule nisi made absolute, and case ordered transferred.

Charles Louque and W. O. Hart, both of New Orleans, for petitioners.

Wm. Winans Wall, of New Orleans, for respondent.

By Division C, composed of OVERTON, ST. PAUL, and THOMPSON, JJ.

OVERTON, J. Robert R. Brott and others obtained a judgment against the New Orleans Land Company in division D of the civil district court for the parish of Orleans in a suit entitled Robert R. Brott et al. v. New Orleans Land Company, No. 85758 of the docket of that court. In February, 1924, the New Orleans Land Company filed a petition in that suit, praying for the annulment of the judgment rendered against it, and a few days later it filed a supplemental petition therein, praying for a trial by jury of the suit to annul said judgment, and on the same day Hon. Porter Parker, judge of division D, granted the order for trial by jury, and the New Orleans Land Company immediately deposited with the clerk of the civil district court the required venire and jury fees. The petition of the New Orleans Land Company to annul the judgment was excepted to by Robert R. Brott, Mrs. Martha Brott, and George Brott, the defendants in the proceeding to annul. When the exceptions filed were called for trial, the New Orleans Land Company objected to the exceptions being heard before division D of the civil district court on the ground that the case was automatically transferred to division G of the civil district court the moment the prayer for trial by jury was granted, the transfer taking place by the operation of a rule adopted by this court for the civil district court in June, 1922. The judge of division D, however, concluded that, as the judgment attacked was one rendered by him in a case which had been allotted to his division, his division alone had jurisdiction to try the suit to annul. He therefore proceeded to try the exceptions, and sustained them. The New Orleans Land Company then made the present application to this court to obtain a decree annulling the judgment sustaining the exceptions filed, and for a writ of mandamus to compel the judge of division D to transfer the case to division G.

for trial and for a writ of prohibition to prohibit him from taking any other step in the case, except to transfer it. A rule nisi was issued on the application made to this court by the New Orleans Land Company, and the judge of division D has filed his answer. In his answer the judge asserts the validity of the action taken by him, and also contends that his division alone has jurisdiction to try the case. The defendants in the suit to annul the judgment have adopted as their answer the answer of the judge of division D.

The rules adopted by this court for the civil district court of the parish of Orleans, to which reference is made by the New Orleans Land Company, the relator herein, were adopted in June, 1922, pursuant to sections 12 and 80 of article 7 of the Constitution of 1921. In so far as it is necessary to quote these rules, they read as follows:

"Section 5. It is further ordered that all new cases filed in the civil district court for the parish of Orleans on and after August 1, 1922, shall be equally allotted under the present laws, rules, and methods between Divisions A, B, C, D, E, and F, and shall be proceeded with in these six divisions according to the laws now in existence or which may hereafter be passed.

"Section 6. It is further ordered that all of the jury cases now pending in the civil district court for the parish of Orleans and transferred from the various divisions before which they were allotted to Division G of the civil district court, presided over by Hon. Columbus Reid, remain therein and be tried in due course in that division by that judge; and it is further ordered that whenever a case which is allotted to any of the six divisions from A to F, inclusive, as hereinbefore ordered, contains a prayer for jury trial by either the plaintiff or defendant, that same be instanter transferred from the division to which it was allotted to Division G and that said Hon. Judge Columbus Reid, proceed with the trial of these jury cases until the final hearing and determination of the same and until the further orders of this honorable court.

"Section 7. It is further ordered that the first panel of jurors in the civil district court be summoned and impaneled for Monday, October 16, 1922, and shall serve in Division G for five weeks, previous to the expiration of which five weeks another venire shall be ordered and the same process continued until all the jury cases pending in the civil district court be heard and determined or until the further orders of this court."

Section 12 of article 7 of the Constitution of 1921, pursuant to which, in part, the foregoing rules were adopted, provides that:

"The Supreme Court shall also have the power, under such general rules and regulations as it may adopt, as well as by special orders made in particular cases, to assign for any cause judges of one district court to another district court, and to provide for the interchange of judges of the district courts, in such manner as best to carry out the purposes for which courts are created, and to secure the prompt and efficient administration of justice. * * * "

Section 80 of article 7 of the Constitution of 1921, under which, especially, the foregoing rules were adopted, provides that:

"There shall be one 'civil district court for the parish of Orleans.' It shall be composed of not fewer than five judges. * * *

"The Supreme Court shall, on or before October 1, 1921, assign two judges from other districts of the state to the civil district court of the parish of Orleans, with the power to change them at pleasure, to form two additional sections of said court, over which said judges shall preside. They shall receive the additional compensation and from the same source allowed judges of the civil district court, and the period of their service shall not extend beyond the first day of January, 1925. *During the time when said judges are serving, the Supreme Court shall prescribe such rules for the dispatch of business in the said civil district court as may be necessary.*" (Italics ours.)

Article 608 of the Code of Practice provides that:

"The nullity of judgment may be demanded from the same court which has rendered the same, or from the court of appeal before which the appeal from such judgment was taken, pursuant to the provisions hereafter expressed."

Under the Constitutions of 1879, 1898, and 1913 it was provided in substance and effect that there should be but one civil district court for the parish of Orleans, to be composed of not fewer than five judges, each of

whom, it was contemplated by these Constitutions, should preside over a section of the court, as does the Constitution of 1921. Con. 1879, art. 130; Con. 1898, arts. 132, 134; Con. 1913, arts. 132, 134. Under the Constitutions of 1879, 1898, and 1913, while it was clear that there was but one civil district court for the parish of Orleans, yet it was held that, under article 608 of the Code of Practice, a suit to annul a judgment rendered in that court should be tried before the division which rendered it, and that no other division of the civil district court had power or jurisdiction over the suit to annul. State ex rel. Chandler v. Ellis, Judge, 43 La. Ann. 825, 9 South. 639; State ex rel. Chandler v. King, Judge, 43 La. Ann. 827, 9 South. 640; Succession of Powers v. Howcott, 144 La. 953, 81 South. 437.

As this court, as appears from the foregoing decisions, has applied article 608 of the Code of Practice to a division of the civil district court for the parish of Orleans, although the Constitutions, under which the application of the article was made, provided for only one civil district court for that parish, to be divided into sections or divisions for the disposition of business, the contention is made by our Brother of division D and by the defendants, in the suit to annul, that, as the Constitution of 1921 is to the same effect as the three preceding Constitutions as relates to the civil district court for the parish of Orleans, the same application of article 608 of the Code of Practice should be made under the Constitution of 1921 as was made under the three preceding ones, and therefore it is contended that the writs applied for should be denied.

The rule, or order, of June, 1922, contemplates that all jury cases shall be transferred to division G for trial. In fact, the effect of the rule, or order, is to take away from all other divisions of the court, during the existence of the order, the right, which those divisions had hitherto exercised, under the law, of trying civil jury cases. This clearly appears, not only from the fact that under section 6 of the order all jury cases pending in the civil district court at the time of the signing of the order, and transferred from the divisions to which they were allotted to division G, should be tried by that division, and all cases in which a jury is thereafter prayed for, shall be transferred at once to division G for trial, but also from the fact that under section 7 of the order all venires drawn are ordered to report to division G, and hence the effect of the order is to take away, during its existence, from the remaining divisions of the court the machinery for the trial of jury cases. It is manifest, therefore, that the order is in conflict with the right of the remaining divisions of the court, hitherto exercised, to try civil jury cases, and being so, it is necessarily in conflict, in a case in which there is a prayer for trial by jury, with the jurisprudence of this court to the effect that, under article 608 of the Code of Practice, a suit to annul a judgment must be tried by the division by which the judgment sought to be annulled was rendered. The question, therefore, is presented whether such an order is valid.

The constitutional convention found that it was necessary, in order to relieve the congested condition of the docket in the civil district court for the parish of Orleans, to provide for the sending of two judges from other districts of the state to preside over two additional divisions of that court. Hence by section 80 of article 7 this court was directed to assign two judges from other districts to the civil district court for the foregoing purpose, to serve for a period to begin not later than October 1, 1921, and to end not later than January 1. 1925. In order to better assure the accomplishment of the purpose for which the two judges were ordered sent there by the convention, this court was or-

dered, by the section of the Constitution cited, to prescribe, for the time said judges were serving, such rules as seemed necessary for the dispatch of business in the civil district court. The grant of power conferred upon us was an extraordinary one; and, in order to carry out its purpose, this court found it necessary to provide that civil jury cases should be tried during that period by only one division of the civil district court. This, it was deemed, would facilitate the dispatch of business in the civil district court.

The order or rule under consideration comes within the powers granted this court, and is valid. It is valid, notwithstanding the conflicts mentioned, because it is authorized by the Constitution itself. During the existence of the rule all jury cases, even those to annul judgments rendered by other divisions, must be transferred to division G.

The judge of division D, therefore, should not have tried the exceptions filed, but should have transferred the case immediately upon the granting of the order and the deposit of the jury and venire fees to division G for trial.

Therefore the order of the respondent judge maintaining said exceptions is annulled and set aside; the case is reinstated on the docket; the rule nisi that was issued herein is made absolute; and accordingly it is ordered that said case be transferred to division G for trial.