### CRATEN v. ÆTNA LIFE INS. CO. OF HARTFORD, CONN.

### No. 16415.

Court of Appeal of Louisiana. Orleans.

May 4, 1936.

St. Clair Adams, Jr., of New Orleans, for appellant.

John C. Hollingsworth and O'Brien & Little, all of New Orleans, for appellee.

McCALEB, Judge.

The plaintiff appellee has moved that this cause be transferred to the Supreme Court upon the ground that the amount in dispute between the parties exceeds $2,000, exclusive of interest, and defendant appellant has filed an opposition to the motion.

The suit involves the possible recovery of $1,000 upon an insurance policy issued by the defendant. Claim is also made, as a penalty, under the provisions of section 3 of Act 310 of 1910, double the amount due on the policy, together with attorney's fees. In other words, the demand asserted is for $1,000 alleged to be due under the policy plus a $1,000 statutory penalty, plus statu-

tory attorney's fees. The judgment of the trial court was for $2,300, the $300 representing the award of attorney's fees.

Article 7, § 10 of the Constitution of Louisiana of 1921, providing for the appellate jurisdiction of the Supreme Court, reads: "It shall have appellate jurisdiction in civil suits where the *amount in dispute* or the fund to be distributed, irrespective of the amount therein claimed, *shall exceed two thousand dollars exclusive of interest,* except * * *." (Italics ours.)

The primary claim here is in contract for $1,000. In addition thereto a statutory right is invoked for a penalty of $1,000, plus statutory attorney's fees. The recovery of the statutory penalty is entirely dependent upon plaintiff's success in the suit on the policy contract, and, if he should fail to recover under his contract, the penalty and attorney's fees may not be allowed. However, should he recover upon the contract, it does not follow that his claim for the statutory penalty will be assessed against the defendant. For section 3 of Act 310 of 1910 provides that "the insurance company guilty of such delay in payment, *unless upon just and reasonable grounds, shall* pay to the assured, as a penalty, double the amount due under the terms of the policy or contract, during the period of delay, with *attorney's fees to be determined by the tribunal before whom suit is instituted.*" (Italics ours.)

Thus, in case it should be adjudged that plaintiff is entitled to the amount sued for in contract, then it must be determined from the evidence adduced whether the delay of the defendant in paying the obligation was upon "just and reasonable grounds." If it is found that the delay or refusal to pay is not justified, it becomes mandatory for the court to assess, as a penalty, double the amount due under the terms of the policy, and also to award the plaintiff judgment for attorney's fees.

From the foregoing, it will be seen that the amount in dispute in the present suit is founded on two causes of action, one upon a conventional obligation and the other upon an obligation imposed by statute. If redress is given for the claimed contractual obligation and the statutory penalty, the award is bound to be $2,000. Added to this is the mandatory award of attorney's fees, which, when fixed by the court in any sum,

makes the amount in dispute in excess of $2,000, exclusive of interest.

In the case of Page v. Pinckard, 140 La. 254, 72 So. 955, it was held: "Where the statutory penalty upon corporation officers for failure to furnish the statement required by Act No. 267 of 1914, § 21, was $2,000 at the date of appeal in the suit for its recovery and increased $50 per day, it was sufficient to give the Supreme Court jurisdiction of the appeal."

Counsel for defendant reminds us that in the case of Marshall v. Metropolitan Life Insurance Co., 164 So. 441, this court assumed jurisdiction where a group policy of insurance was in the principal amount of $1,500, and that in that case the plaintiff invoked the provisions of Act 310 of 1910 for double penalty and attorney's fees. A motion to dismiss the appeal, or to transfer the cause to the Supreme Court, was not filed in the Marshall Case, and it is suggested that inasmuch as it was our duty to transfer the case, ex proprio motu, if of opinion that the court was without jurisdiction, the failure so to do was a recognition of jurisdiction in this class of cases.

A case not dismissed for lack of jurisdiction, where the question of jurisdiction was not raised by either party and when the court failed to notice it, may not be used as a precedent for the purpose of enlarging the constitutional grant of jurisdiction in another case where the question is properly presented.

The Constitution grants to the Supreme Court appellate jurisdiction in civil suits where the amount in dispute exceeds $2,000, exclusive of interest. The amount in dispute here, exclusive of interest, exceeds $2,000, and, as a consequence, this court is without jurisdiction.

For the reasons assigned, the rule to transfer this case to the Supreme Court of Louisiana is granted, and it is now ordered that this appeal be, and it is, transferred to the Supreme Court of Louisiana to be disposed of according to law, the transfer to be made within sixty days after this judgment becomes final, and if not so made, then the appeal to be deemed dismissed; appellant to pay the costs of appeal in this court, the remaining costs to await final determination of the matter.

Transferred to Supreme Court.