**ROBIN v. J. THOMAS DRISCOLL, Inc.**

**No. 6041.**

Court of Appeal of Louisiana. Second Circuit.

April 4, 1940.

Rehearing Denied May 3, 1940.
Writ of Certiorari Denied July 18, 1940.

Foster, Hall & Smith, of Shreveport, for appellant.

Robt. J. Newson, of Shreveport, for appellee.

TALIAFERRO, Judge.

Plaintiff, for his own account, and as assignee of H. B. Lawrence, F. A. Estes and B. F. Abbitt, sues J. Thomas Driscoll, Inc., and Driscoll Drilling Company, Inc., to recover amounts due them respectively for labor performed and services rendered in connection with the drilling of a well in Caddo Parish in search of oil and/or gas; and for the penalties and attorney's fee recoverable under Act 150 of 1920, as amended by Act 138 of 1936. He alleges that he and said assignors were discharged by defendants and that payment of the amounts due them was refused upon demand therefor at the place where such wages were usually paid.

A writ of provisional seizure, under appropriate allegation therefor, issued. The well and lease referred to in the petition, together with the drilling equipment, etc., thereon were seized by the sheriff.

The Driscoll Drilling Company, Inc., did not answer. Issue as to it was joined by default. J. Thomas Driscoll, Inc., admits that plaintiff and the other named laborers were employed by it to render services in drilling said well and that each did so for different numbers of days and at daily wages set out in its answer. This defendant denies that either claimant was discharged from work, but, on the contrary, avers that all were "temporarily laid off due to weather conditions and other unfavorable circumstances." It also denies that they are entitled to recover the penalties and attorney's fee sued for, or that the property seized was about to be abandoned, sold or removed.

By way of reconvention, this defendant denied the truth of the allegations employed to procure issuance of the writ of provisional seizure, and averred that said writ illegally issued and should be dissolved with judgment in its favor for attorney's fee and damages for the loss of the use, depreciation in value, etc., of the drilling rig and equipment seized.

Judgment was rendered for plaintiff and against J. Thomas Driscoll, Inc., for $336.-50, with legal interest thereon from February 9, 1939; the writ of provisional seizure was maintained with recognition of

lien and privilege on the property seized, as provided by Act 145 of 1934.

There was also judgment for $100 as attorney's fee; for $12.50 per day from January 17, 1939 to February 7, 1939, and for $15 per day thereafter as penalty under Act 138 of 1936. These money judgments are in personam. No reference is made to the demand against Driscoll Drilling Company, Inc.

J. Thomas Driscoll, Inc., which will be hereinafter referred to as the defendant, applied for a rehearing and prayed therein, if granted, that the judgments be amended and modified by rejecting plaintiff's demands in toto, save for the labor claims and the recognition of the lien and privilege securing their payment.

Defendant also filed application for a new trial, alleging as a reason therefor, that the judgment is erroneous in that it is in personam whereas it should have been in rem only. Both applications were denied and defendant brings this appeal. By answer to the appeal, appellee moves us to increase the attorney's fee to $500, but in all other respects, prays that the judgment be affirmed.

In this court appellant tenders and argues only two questions, both of law, viz.:

1. That the judgment should have been in rem only, since its domicile is in Bossier Parish.

2. That penalties and attorney's fee should not have been imposed.

Appellee does not dissent from this position, therefore, our labors will be confined to the agreed gauge of battle.

■ Appellee, in brief, challenges the jurisdiction of this court, ratione materiae, to pass on the appeal, and cites to support this position, Page v. Pinckard et al., 140 La. 254, 72 So. 955, 956, in which it was said and held: "The $50 per day penalty ran from May 27, 1916; the judgment was rendered on June 30, 1916; the appeal was applied for on July 6, 1916. The amount of the penalty was therefore $1,700 at the date of the judgment, and $2,000 at the date the appeal was taken. However, as the amount would inevitably be very much in excess of that sum before the case could be heard on the appeal, we think the amount involved in the appeal must be held to have been in excess of $2,000, and that, therefore, the proper court to which to appeal the suit for recovering the penalty was this court."

In the present case, plaintiff prayed for judgment for $415, plus $20 per day penalty (the aggregate of the alleged daily wage of the claimants) from January 16, 1939, until paid, and for $500 attorney's fee. The case was tried, submitted and judgment therein rendered on March 10, 1939. Therefore, at date of judgment the total accrued amount, on the basis of the petition's allegations, was considerably less than $2,000, but at the present time, on the basis of plaintiff's theory, and also under the terms of the judgment, more than $2,000 has accrued. This fact motivated the suggestion of our lack of jurisdiction.

If we deemed the Page case controlling of the issue, we would have to decline jurisdiction of the appeal. It seems that this case stands alone in our jurisprudence so far as the jurisdictional question therein discussed and passed upon is concerned. We find no specific reference to the case, favorable or unfavorable, in subsequent jurisprudence.

There is, at least, one subsequent case which conflicts with the jurisdictional principle announced in the Page case. It is Madison v. Prudential Insurance Company of America, reported in 190 La. 103, 181 So. 871. On original hearing in that case it was specifically held that the amount involved for jurisdictional purposes was the amount which had actually accrued or was past due, under a disability benefit clause in a life policy, at time of filing suit; that payments and penalties falling due thereafter should not be considered for said purpose. The case was transferred to the Court of Appeal on the finding that less than $2,000 was involved. However, on rehearing, the court maintained its jurisdiction, because, from a simple calculation, it was determined that more that $2,000 was involved at date of judgment, when the demand for penalties and attorney's fee was taken into consideration. The court held that the amount involved was the total of the payments due when the judgment was rendered, plus demand for penalties and attorney's fee and another small amount.

We are of the opinion that this court has jurisdiction of the appeal.

■■ Plaintiff contends that as defendant filed no plea to the jurisdiction in limine litis or otherwise, but answered without

reservation, the right to decline jurisdiction was waived. He cites Art. 93 of the Code of Practice to support this position. This article reads as follows: "If one be cited before a judge whose jurisdiction does not extend to the place of his domicile, or of his usual residence, but who is competent to decide the cause brought before him, and he plead to the merit, instead of declining the jurisdiction, the judgment given shall be valid, except the defendant be a minor."

Also several cases which enforce this article as written, are cited and relied upon, among which are the following: Bernstein v. Dalton Clark Stave Co., 122 La. 412, 47 So. 753; Flournoy v. Flournoy, 29 La.Ann. 737; Tupery v. Edmondson 32 La.Ann. 1146; Mix v. Creditors, 39 La.Ann. 624, 2 So. 391.

Appellant contends that in cases of this character, the court is absolutely barren of jurisdiction ratione personae; that the proceeding is exclusively one in rem and its character, in that respect, may not be altered.

Art. 163 of the Code of Practice, as amended by Act 64 of 1876, authorizes the issuance of writs of provisional seizure and sequestration by courts other than of a debtor's domicile, to enforce liens and privileges against property situated in such court's jurisdiction. This law was availed of in the present case. Inter alia, it gives to a plaintiff, the seizing creditor, the option of proceeding in the court of the debtor's domicile or in the court of the parish wherein the property affected is located. The act, however, contains this significant proviso: " * * * provided, that all judgments rendered in such cases shall only be operative up to the value of the property proceeded against, and not binding for any excess over the value of the property in personam against the defendant."

In Tupery v. Edmondson, supra, it was squarely held that by answering to the merits before pleading to the jurisdiction, defendant waived the right to decline jurisdiction and that a judgment in personam under such circumstances was valid and binding on him. The court so ruled after considering and discussing Act 64 of 1876 and its bearing upon the alleged tacit waiver of jurisdiction. We do not find that this decision has been subsequently followed. We do find that in several cases

thereafter the Supreme Court expressly held that under the proviso of the 1876 act, a court is without jurisdictional power to render a judgment in personam beyond the value of the property seized.

The most recent case dealing at length with this question is Franek v. Turner, 164 La. 532, 114 So. 148, 149. The defendant in that case was a resident of Calcasieu Parish. He was sued on a rent claim in Orleans Parish. A provisional seizure issued under which furniture was seized. The prayer was for judgment for the amount sued for with recognition of the lessor's privilege and that the property be sold to satisfy the judgment. Defendant was personally served but made no appearance. Judgment by default was rendered against him. Several years thereafter he instituted suit to have the judgment annulled for lack of jurisdiction of the court that rendered it. This suit lay dormant for over five years and was dismissed on a rule as having been abandoned under Article 3519 of the Civil Code, as amended by Act 107 of 1898.

The administratrix of Franek's succession instituted suit in Orleans Parish to revive the original judgment. Personal service was made upon Turner, still a resident of Calcasieu Parish. Again he made no appearance and again judgment by default went against him. In October 1923, over ten years after rendition of the original judgment, Turner instituted suit against the administratrix in the Parish of Orleans to annul both judgments on the ground that the court had no jurisdiction to render a personal judgment against him. He was successful. The administratrix appealed. Chief Justice O'Niell clearly states the issues, and, in passing, said: "The defendant contends that Turner, as defendant in the original suit, tacitly subjected himself to personal liability for the judgment prayed for by the plaintiff in that suit, by failing to plead to the jurisdiction of the court ratione personæ. As a general rule, a defendant who is sued in a court that has not jurisdiction over him personally becomes liable to have a personal judgment rendered against him, if, being cited personally, he does not take exception in limine litis to the jurisdiction of the court. But that rule is not applicable to this case, because the court in which Turner was sued did have jurisdiction over the case, to the extent of the value of the property that was provision-

ally seized. If he had excepted to the jurisdiction of the court, the plea would have been overruled. It was not incumbent upon him to plead—or to remind the court—that, according to the act of 1876, amending article 163 of the Code of Practice, the judgment which the court had jurisdiction to render against him would 'only be operative up to the value of the property proceeded against, and not binding for any excess over the value of the property in personam against the defendant.'"

Thompson v. Calcasieu Trust & Savings Bank, 140 La. 264, 72 So. 958, 959, is cited as supporting the quoted holding. It is said therein: "Usually only those actions which have for their object immovable property or property in custodia legis are included among local actions; but by the amendment of 1876 (Act 64, p. 106) to article 163 of the C. P., suits for provisional seizure and sequestration have been included. The general theory of this classification of actions is that the court of the place where the property is situated can more conveniently deal with it, and that in such actions it is the property which, so to speak, is the real, or at any rate the main, defendant. And so we find that by said amendment of 1876 to article 163, C. P., the effect of the judgment in such cases is confined to the property provisionally seized or sequestered. The judgment cannot operate in personam beyond the amount of the property actually seized."

Merchants' & Farmers' Bank v. Fischer Lumber Company, 136 La. 860, 67 So. 932, is also cited for the same purpose. In that case the defendant, a resident of Orleans Parish, was sued in St. Landry Parish. Property was provisionally seized under an asserted lien and privilege. After referring to and quoting a portion of Act 64 of 1876, the court said: "The defendant was regularly cited; it regularly appeared in the district court; it *is in court for all purposes of the suit;* and it has judgment in its favor, dissolving the writ of sequestration. If the judgment had been in favor of plaintiff, it (the judgment) would have been only 'operative up to the value of the property proceeded against, and not binding for any excess over the value of the property in personam against the defendant.'"

In Canal Bank & Trust Company v. Greco et al., 177 La. 507–514, 148 So. 693, 695, the court, discussing the operative effect of a judgment rendered under the 1876 Act, held: "It is also immaterial that the prayer of the bank is for judgment in personam, since, under the mandatory provisions of article 163 of the Code of Practice, as amended by Act No. 64 of 1876, whatever judgment is rendered in this case can be operative only up to the value of the property proceeded against."

Such also was held in Carroll v. Bancker et al., 43 La.Ann. 1078, 1194–1196, 10 So. 187.

When a plaintiff avails himself of the provisions of Act 64 of 1876, which in itself is an exception to the rule that a defendant has to be sued in the court of his own domicile, he is entitled to no special advantages beyond those expressly stated therein. The law being an exception and in derogation of the general rule, must be strictly construed. It is clear that its purpose is to vest jurisdiction ratione materiæ in the court of the locus of the property affected by the lien and privilege only to the extent of the value of such property. Judgment in such a proceeding may be in personam, but must be limited as to enforcement to the property seized and its value. Beyond this the court itself may not go and no act of the defendant, tacitly or expressly, can extend or enlarge this positive limitation of the court's power and jurisdiction in such cases.

 The lien and privilege asserted by plaintiff is established by Act 145 of 1934. This statute was intended to and does, measurably, protect laborers in the collection of wages for services rendered in drilling wells for gas, oil, etc. Beyond the amount of wages due such laborers, the act was not intended to and does not extend. Statutes establishing liens and privileges are stricti juris. Their provisions must be strictly construed. Under no rule of construction can the provisions of Act 145 of 1934 be extended by implication to a demand for the penalties and attorney's fee herein sued for. Suit to recover these amounts may only be instituted and prosecuted in the court of the defendant's domicile, if a resident of the state.

For the reasons herein assigned, the judgment appealed from is amended by expunging therefrom the award for penalties and attorney's fee, and, as thus amended, said judgment is affirmed with costs; plaintiff's suit, in so far as recovery of penalties and attorney's fee is sought, is dismissed as of non-suit.