288 So.2d 626 (1974)
Henry Lee PIPER
v.
OLINDE HARDWARE & SUPPLY COMPANY, INC., et al.
No. 53631.
Supreme Court of Louisiana.
January 14, 1974.
*627 Arthur Cobb, Law Offices of Arthur Cobb, Baton Rouge, for plaintiff-applicant.
Ralph Brewer, Baton Rouge, for Olinde Hardware & Supply Co.
Walton J. Barnes, II, Barnes & Barnes, Baton Rouge, for Willie Mae McGowan.
DIXON, Justice.
This is an action by Henry Lee Piper against Olinde Hardware & Supply Company, Inc. and Willie Mae McGowan, Piper's mother-in-law. Piper sought the annulment of a judgment previously rendered against him in favor of Olinde Hardware & Supply Company, Inc., an injunction against a garnishment under the judgment, the return of wages garnisheed, and damages for the wrongful use of legal processes.
The judgment attacked by plaintiff was obtained when Olinde Hardware & Supply Company, Inc. sued Henry Lee Piper and Willie Mae McGowan on notes executed for the purchase of furniture and appliances. Personal service of process was made on Mrs. McGowan at her residence and domiciliary service was made on Henry Lee Piper at the same address. That address was not and had never been the dwelling house or usual place of abode of Piper. Olinde obtained a judgment by default and garnisheed Piper's wages.
Piper then brought this action. After a trial on the merits, a jury brought in a unanimous verdict for plaintiff. The verdict was phrased as follows:
"JUDGMENT IS RENDERED IN FAVOR OF THE PLAINTIFF, HENRY LEE PIPER, AND AGAINST THE DEFENDANTS, OLINDE HARDWARE AND SUPPLY COMPANY, INC. AND WILLIE MAE McGOWAN, JOINTLY AND IN SOLIDO, ANNULLING THE JUDGMENT OBTAINED ON MARCH 11, 1971, AND IN THE SUM OF $2000.00."
The trial judge signed and filed a judgment as follows:
". . . . IT IS ORDERED that plaintiff, Henry Lee Piper, have judgment against defendants, Olinde Hardware & Supply Co., Inc. and Willie Mae McGowan, in solido, annulling the judgment rendered in Suit Number 147,364 dated 11 March 1971 and for damages in the amount of $2,000 with interest and costs.
"IT IS FURTHER ORDERED that Olinde Hardware & Supply Co., Inc. return to plaintiff, Henry Lee Piper, all monies taken through the garnishment."
On appeal, the Court of Appeal reversed the judgment with respect to Mrs. McGowan, finding that plaintiff had proved no wrongdoing on her part, and reduced the judgment against Olinde to $2,000, finding the construction given the wording *628 of the judgment by the trial judge erroneous, La.App., 276 So.2d 788.
After rehearings were denied, Piper and Olinde applied to this court for writs of certiorari. The application by Olinde, No. 53652, was denied. We granted the writ of certiorari to Piper in the case before us now.
Olinde now asserts, for the first time, the declinatory exception of lack of jurisdiction over the subject matter arguing that an action to annul a judgment must not only be brought in the same judicial district as that which rendered the judgment whose nullity is sought, but also in the same division.
Before we can consider the merits of the declinatory exception, two obstacles must be overcome. First, the fact that the exception was asserted for the first time before this court and second, the policy that a judgment will not be amended to the detriment of the party who obtained the writ of certiorari, where the other party did not seek such amendment.
Generally, the failure to plead a declinatory exception prior to answer or judgment by default constitutes a waiver of the objection. C.C.P. 928. However, the exception of lack of jurisdiction over the subject matter goes to the core of the validity of a judgment and is not subject to the waiver provisions generally affecting declinatory exceptions (C.C.P. 925, Official Comment (c); C.C.P. 2; C.C.P. 3, C.C.P. 2002(3)) and the exception may be raised at any stage of the proceedings. Cf. New Orleans Opera Guild, Inc. v. Local 174, Musicians Mutual Protective Union, 242 La. 134, 134 So.2d 901 (1961); Rathborne Lumber & Supply Co. v. Falgout, 218 La. 629, 50 So.2d 295 (1950); Raphiel v. Louisiana Ry. and Nav. Co., 155 La. 590, 99 So. 459 (1924); Bernstein v. Dalton Clark Stave Co., 122 La. 412, 47 So. 753 (1908).
This court held in Rathborne Lumber & Supply Co. v. Falgout, supra, that old C.P. 902 permitted the assertion of an exception of lack of jurisdiction over the subject matter filed in the Supreme Court. C.C.P. 2163 has replaced C.P. 902 and speaks solely of peremptory exceptions; however, the Official Comment states the new article makes no change in the law. C.P. 902 permitted this court to consider those exceptions which may be pleaded at any period of a cause.[1] Lack of juristion over the subject matter is an exception which may be pleaded at any period of a cause. This court has, at least, the discretion to consider an exception of lack of jurisdiction over the subject matter filed in the Supreme Court just as we do a peremptory exception. Cf. Gulotta v. Cutshaw, 283 So.2d 482 (La.1973). In that case we stated:
"This court has consistently held that it will not amend a judgment to the prejudice of the party at whose instance the writ issued where the opposing party has failed to make application seeking such an amendment. Francis v. Lake Charles American Press, 262 La. 875, 265 So.2d 206 (1972); Pennington v. Justiss-Mears Oil Co., 242 La. 1, 134 So.2d 53 (1961); Foley v. National Life and Accident Ins. Co., 183 La. 49, 162 So. 798 (1935); Black v. Louisiana Central Lumber Co., 161 La. 889, 109 So. 538 (1926). A judgment should not be amended to benefit parties who have failed to apply for review. Jordan v. Travelers Ins. Co., 257 La. 995, 245 So.2d 151 (1971).
"The limitation imposed upon amending judgments on certiorari is self-imposed and not required (except when a judgment might have become final) by the *629 Constitution or statutes. The power to allow the filing of a peremptory exception under C.C.P. 2163 is discretionary. The better policy under the circumstances of this case is to allow the filing and determine the issues."
Under the circumstances of this case, the better policy is to permit the filing of the exception and determine the issues. The exception asserted is a ground for collateral attack upon the judgment. C.C.P. 2002(3). Hence, it is best to determine the issue here and preclude further litigation.
The present suit was filed in the 19th Judicial District Court and was assigned to Division F. The judgment which this suit sought to annul was rendered by a division of the 19th Judicial District Court other than Division F. Respondent argues that only the division of the district court which rendered the judgment has jurisdiction to declare the judgment null.
C.C.P. 2006 provides:
"An action to annul a judgment must be brought in the trial court, even though the judgment sought to be annulled may have been affirmed on appeal, or even rendered by the appellate court."
The venue provided by this article is not waivable and thus is jurisdictional. C.C.P. 44.
Article 7, § 31 of our Constitution establishes the number of judicial districts and the parishes which compose them. Article 7, §§ 32 and 34 provide the machinery to establish the number of judges in each judicial district. La.Const.1921. R.S. 13:582 provides:
"There shall be separate and distinct divisions of the various district courts having two or more duly elected or appointed judges, for the purpose of nomination and election of judges only."
The clear implication from the applicable provisions currently in force is that each judicial district constitutes a single court, and the creation is different divisions does not operate to sever a single district court into multiple courts. Block v. Marks, 47 La.Ann. 107, 16 So. 649 (1895).
Prior to the Constitution of 1921, a combination of court rules, constitutional provisions (La.Const.1898, Art. 134; La. Const.1913, Arts. 132-136) and jurisprudence (Succession of Powers v. Howcott, 144 La. 953, 81 So. 437 (1919)) supported the rule that in Orleans Parish a suit to annul a judgment must be brought in the division where it was rendered. The Constitution of 1921 and the pertinent legislation do not require a different result with regard to actions to annul filed in district courts other than Orleans Parish.[2]
We find that with regard to actions to annul a judgment brought in a court other than the Civil District Court for the Parish of Orleans that the requirement that an action to annul be brought in "the trial court" means that the action must be brought in the same judicial district court which rendered the judgment sought to be annulled irrespective of division. C.C.P. 2006. Hence, respondent's exception must fail.
We granted certiorari in this case to determine which of the two interpretations given the judgment by the courts below is correct, and to determine whether the Court of Appeal was correct in holding that the record would not justify an award of $2,000 in addition to the return of the $1,369.13 garnisheed from plaintiff's wages.
Since the verdict of the jury is not unequivocal, the best indication of its proper interpretation is a resort to the evidence upon which the jury based its conclusions.
*630 Only compensatory damages are allowed the plaintiff. There is no direct evidence of damages in the record. Damages can only be inferred from the fact that plaintiff suffered a garnishment against his employer until $1,369.13 had been withheld from his wages. The record discloses no loss of employment, no instance of damage to credit or reputation, no embarrassment nor inconvenience except that which is justifiably inferred from the fact of the wrongful garnishment.
We therefore conclude that the Court of Appeal was correct in reducing the judgment of the district court to a return of the $1,369.13 garnisheed and $640.87 damages, and affirm the judgment of the Court of Appeal; the costs attributable to proceedings in this court are to be borne by plaintiff; defendant, Olinde Hardware & Supply Company, Inc., is cast with all other costs.
NOTES
[1] C.P. 902 provided in pertinent part:

"Although in general parties before the Supreme Court are not allowed to plead other matters than those which were before the inferior court, nevertheless it may depart from this rule, when the exception taken is one of those which may be pleaded at any period of a cause, and the proof of it appears by the mere examination of the record."
[2] For the requirements affecting suits to annul brought in Orleans Parish see R.S. 13:1145; Rules, Civil District Court, Parish of Orleans, Rule 8, § 9; Brott v. New Orleans Land Co., 156 La. 807, 101 So. 150 (1924).