JiDOUCET, Chief Judge.
The plaintiffs, all residents of Ward One of Calcasieu Parish, appeal a judgment denying their demand for a declaratory judgment concerning the interpretation of changes to La.R.S. 26:281(1) enacted by Act 585 of the 1989 session of the Louisiana Legislature.
*184 The plaintiffs seek a declaratory judgment. They assert that the Calcasieu Parish Police Jury misinterpreted and misapplied La.R.S. 26:281(1) to allow sale of alcoholic beverages containing 6% alcohol by volume. The trial judge outlined the history of the legislation concerning a parish’s ability to regulate alcohol:
|2First, in Act 372 of 1948, the legislature provided a process whereby a local election could be held to limit the sale of alcohol. However, Section 5 of the Act stated that no local option election could be utilized to “exclude the sale of beer containing more than one-half (1/2) of one percent (1%) of alcohol by volume and not more than three and two-tenths percent (3.2%) of alcohol by weight”, [sic] Under Act 372, no regulation of 3.2 alcohol was allowed.
In 1950, Ward One of Calcasieu Parish held a local option election on the sale of alcohol. All of the Propositions failed, effectively prohibiting the sale of all alcohol except for 3.2% alcohol. In or before 1969, the police jury codified the election of 1950 in Calcasieu Police Jury’s Code of Ordinances, Section 4-9. Part (b) of this ordinance prohibited the sale of intoxicating beverages in Ward One. However, Part (c) stated, “Nothing in the section shall be deemed as intended to prohibit the sale of beer which contains more than one-half of one (1) of alcohol by volume and not more than three and two-tenths (3.2) percent alcohol by weight in Ward Number One.” Thus, sale of 3.2% alcohol was still allowed in Ward One.
In 1980, Act 663 of the legislature repealed the prohibition against the regulation of 3.2% alcohol by local governing authorities, effectively repealing the 1948 legislation. This allowed local authorities to regulate and/or prohibit the sale of beverages under 3.2% alcohol. Rapides Merchants Association v. Rapides Parish, 421 So.2d 955 (La. Ap. [App.] [sic] 3rd Cir.1982).
Act 585 of the legislature in 1989, amended and added LSA-R.S. 26:281(1), which provides:
I. Notwithstanding the provisions of this Section or any other law to the contrary, the sale of six percent alcohol by volume shall be allowed in any political subdivision which has approved the sale of three and two tenths percent alcohol by weight until such time as prohibited by a referendum vote of the qualified electors within that Political subdivision.
This statute, as amended, essentially allows the sale of alcohol up to 6% by volume in any Political subdivision which has approved the sale of 3.2% alcohol.
The court notes, since it is an issue in this matter, the language of the preamble to Act 585:
To amend and re-enact LSA 26:71(A) and to enact LSA R.S. 26:71(C), LSA R.S. 26:272(G) and LSA R.S. | «26:281(1), relative to permits for the sale of alcoholic beverages, to authorize the grant of a Class A license to a restaurant after the approval of a proposition of a local option election, to authorize the sale of alcohol not to exceed 6% alcohol by volume in areas that have previously voted to approve the sale of 3 and 2/10% alcohol by weight and to provide for related matters, (emphasis provided)
After Act 585, Calcasieu Parish ordinance 3106 was amended by the Police Jury on December 7,1989. This ordinance incorporated Act 585 into Section 4-11. That section included a definition of intoxicating beverages, to conform with state law and included the wording in Act 585 which authorized a local option election or referendum to prohibit the sale of 6% alcohol by weight. Since that time, the sale of 6% alcohol by weight has been allowed in Ward One and Calcasieu Parish.
After hearing the ease, the trial judge ruled that the sale of beverages containing 6% alcohol is permissible in Ward One of Calcasieu Parish until a local option election or referendum is held prohibiting such sales. The plaintiffs appeal.
The plaintiffs argue that Act 585 allows sale of 6% alcohol only in those jurisdictions that have previously voted to allow sale of 3.2% alcohol. Since no such election was held in Ward One, they argue that the provisions of Act 585 are inapplicable and that the *185 sale of 6% alcohol should continue to be prohibited. The evidence does show that, since the passage of the 1980 amendment allowing local option votes to prohibit sale of 3.2% or less alcohol, there has not been a referendum in Ward One of Calcasieu Parish concerning the sale of such beverages.
Before the plaintiffs filed suit in this matter, the question of the permissibility of the sale of 6% alcohol in Ward One of Calcasieu Parish was submitted to the Attorney General for the State of Louisiana. The Attorney General issued an opinion finding that it was permissible. The Attorney General gave the following reasons which we adopt, in pertinent part, as our own:
|4In reliance upon LSA-R.S. 26:281(1), the Calcasieu Parish Police Jury recently authorized the sale of six percent (6%) alcohol per volume in Ward One. These circumstances raise the following issues, which we separately address.
1. Could the Police Jury, by ordinance, permit the sale of 6% or less beer in Ward One, in accordance with Act 585 of 1989, since 3.2% alcohol by weight was not prohibited?
Pertinent to our discussion is the case of State v. Sissons, 292 So.2d 523 (La.1974), in which the Court addressed the validity of an ordinance adopted pursuant to a local option election. The court set forth the following test:
“The power to regulate traffic in alcoholic beverages is vested in the State and the legislature may delegate such power to political subdivisions of the State. (Citations omitted). However, by so delegating the State does not surrender its power and the legislature can at any time alter or recall the delegated power. (Citations omitted). Generally, a police regulation of a subdivision of the State enacted pursuant to authority delegated by the State cannot exceed the grant of authority and must fall when it conflicts with State law.” Sissons, supra, at pages 525 and 526.
As we interpret the current law on alcohol sales, represented by Act 585 of 1989, a locality may prohibit the sale of beverages containing between 3.2% and 6% alcohol only when the locality has voted by local option to prohibit 3.2% beverages prior to 1989 or prohibits 6% or less alcoholic beverages in a local option election after that date. LSA-R.S. 26:281(1). The Calcasieu Parish Police Jury followed a legitimate interpretation of the 1989 law by allowing the sales, because the 1950 election did “approve” 3.2% beverages, if only tacitly.
2. Was it the legislative intent of Act 585 of the 1989 Regular Legislative Session to pre-empt local ordinances by permitting the sale of beer of less than 6% alcohol per volume in every area where 3.2% beer per weight had not been prohibited by local option?
The preamble of Act 585 provides:
To amend and re-enact LSA-R.S. 26:71(A) and to enact LSA-R.S. 26:71(C), LSA-R.S. 26:272(G) and LSA R.S. 26:281(1), relative to permits for the sale of alcoholic beverages, to authorize the grant of a Class A license to a restaurant after the approval of 15a proposition of a local option election, to authorize the sale of alcohol not to exceed 6% alcohol by volume in areas that have previously voted to approve the sale of 3 and 2/10% alcohol by weight and to provide for related matters.
When doubt exists as to proper interpretation of a statute, the title or preamble may be used to determine legislative intent. Green v. Louisiana Underwriter’s [Underwriters] Ins. Co., 571 So.2d 610 (La.1990).
The preamble draws a distinction between localities which have voted to permit the sale of 3.2% beer and those which have not. However, the text of LSA-R.S. 26:281(1) uses the word “approved” instead of “previously voted” in describing the legality of the sale of 3.2% beverages.
In the opinion of this office, the citizens of Ward One have “approved” the sale of 3.2% beverages by previously voting to prohibit beverages containing alcohol in excess of that amount. We further note that the Police Jury in 1969 adopted on ordinance permitting the sale of 3.2 beer in Section 4-9(C) of the Calcasieu Parish Code, providing:
*186 (c) Nothing in this section shall be deemed as intended to prohibit the sale of beer which contains more than one-half of one (1) percent of alcohol by volume and not more than three and two-tenths (3.2) percent of alcohol by weight in such Ward No. 1.
A city ordinance, like a state statute, is presumed to be constitutional and the party who attacks it has the burden of establishing by clear and cogent evidence that the ordinance is unconstitutional. West Central Louisiana Entertainment, Inc., vs. [v.] City of Leesville, 594 So.2d 973 (La.App. 3rd Cir.1992). The ordinance remains valid until such time as it is judicially overturned. Because Section 4-9(C) evidences the citizenry’s approval of the sale of 3.2 beer, LSA-R.S. 26:281(1) is applicable, and the sale of 6% alcoholic beverages is permissible.
3. Does the 1950 Proposition effectively prohibit the sale of beer that is less than 6% alcohol by volume, but more than 3.2% alcohol by weight or can it be more than 3.2% alcohol by weight as long as it is less than 6% alcohol by volume?
The ordinance passed pursuant to the 1950 local option election only has effect to the extent that it conforms with state law. See Sissons, supra. State law now provides that the old approved “3.2% jurisdictions” are “6% jurisdictions”, and the old ordinance must fall to the extent that it violates existing state law.
164. Do alcoholic beverages licensees have any legal right to sell beer of 6% alcohol by volume, under state law, since no election has been called prohibiting the sale as authorized by both state and local laws?
Again, our answer is yes. Under the authority of LSA-R.S. 26:281(1), state law now allows the sale of 6% beer in those localities which have approved (in our opinion, by local option election, or by tacit approval by failure to prohibit) the sale of 3.2% beer “until such time as prohibited by a referendum vote of the qualified electors within that political subdivision”. It remains a viable option for the electorate of Ward One to prohibit such sales in the future.
Op. Att’y Gen. No. 95-14, pp. 1209-1210 (January 27,1995).
Accordingly, we affirm the judgment of the district court denying the demand for declaratory judgment. We assess the costs of this appeal to the plaintiffs/appellants.
AFFIRMED.