I «WALTER J. ROTHSCHILD, Judge.
In this suit for declaratory judgment, Dan Kyle, the Legislative Auditor for the State of Louisiana, appeals from a summary judgment rendered in favor of the City of Kenner. For the reasons stated more fully herein, we affirm in part and vacate in part the judgment of the trial court.

Factual and Procedural History

On February 27, 2002, the City of Ken-ner instituted this petition for declaratory judgment naming as defendant Dan Kyle, in his official capacity as the Legislative Auditor of the State of Louisiana. By this petition, the City of Kenner sought a judgment declaring that a Kenner city ordinance granting a temporary abatement of municipal ad valorem taxes did not violate Article VII, Section 20(A)(3) of the Louisiana Constitution. Further, the City sought a declaration that the subject tax was a special tax and was subject to the homestead exemption pursuant to Article VII, Section 20(1) of the Louisiana Constitution.[1]
|3In response to this petition, Dan Kyle filed an exception of improper venue, which was denied by the trial court on August 29, 2002. Thereafter, on September 4, 2002, Dan Kyle answered the petition generally denying the allegations, and *37 further asserted that the application of the homestead exemption to the municipal taxes imposed by the City of Kenner is unconstitutional.
On October 2, 2002, the City of Kenner filed a motion for summary judgment on the basis that the legislative auditor had no authority to challenge the constitutionality of a municipal ordinance or to withhold approval of ad valorem taxes. The City of Kenner also sought a summary judgment holding that the subject taxes were levied for special purposes, and are therefore special ad valorem taxes which are subject to the homestead exemption. Finally, the City of Kenner sought a judgment that the ordinances do not violate Article VII, Section 20(A)(3) of the Louisiana Constitution because they simply provide a temporary abatement of ad valorem property taxes. Dan Kyle filed a cross motion for summary judgment on October 16, 2002 seeking a holding that the abatement of the municipal taxes by the City of Kenner is in violation of the Louisiana Constitution.
By judgment dated November 13, 2002, the trial court granted in part the motion for summary judgment brought by the City of Kenner and denied the cross-motion filed by Dan Kyle. In its ruling, the court declared that the legislative auditor does not have power and/or authority to determine the constitutionality vel non of ordinances adopted by the Kenner City Council. Relying on a decision in a separate district court case, the trial court also declared that the taxes levied by the City of Kenner are “special taxes” |4which are subject to the homestead exemption as provided in the Louisiana Constitution. For these reasons, the trial court preter-mitted a determination of whether the abatement of taxes by applying the homestead exemption is permitted under the applicable constitutional provisions.
By this appeal, the legislative auditor contends that he was not attempting to challenge the constitutionality of a municipal ordinance, but was merely attempting to adhere to his obligation to approve of the ad valorem property taxes collected by the tax recipient agency. Appellant further contends that the trial court erred in failing to rule on the constitutionality of the ordinances of the City of Kenner in applying the homestead exemption to municipal taxes. Finally, appellant contends that the trial court erred in following the decision of another trial court in determining that the subject taxes are special taxes that are subject to the homestead exemption.

Law and Discussion

The purpose of a declaratory judgment is to provide a method whereby parties may request a trial judge to “declare rights, status, and other legal relations whether or not further relief is or could be claimed.” La. C.C.P. art. 1871. However, in order for a declaratory judgment to be granted, there must be a justi-ciable controversy because courts are not permitted to issue advisory opinions. St. Charles Parish School Bd. v. GAF Corp., 512 So.2d 1165, 1171 (La.1987). In American Waste & Pollution Control Co. v. St. Martin Parish Police Jury, 627 So.2d 158, 161 (La.1993), the Louisiana Supreme Court discussed at length the justiciable controversy requirement. It stated:
A justiciable controversy is a real and substantial controversy admitting of specific relief through a decree of conclusive character, as distinguished |Rfrom an opinion advising what the law would be upon a hypothetical state of facts, (citations omitted).
Likewise, the dispute at issue must involve the legal relations of the parties who have adverse interests, which can be determined in a conclusive factor at that *38 stage of the proceedings. Couvillion v. James Pest Control, Inc., 98-2382 (La. App. 4th Cir.3/3/99), 729 So.2d 172, 174.
A suit for declaratory judgment is an appropriate means of testing the constitutionality or applicability of an ordinance in which there is an actual justiciable controversy between the parties. Appellate courts, as well as the trial court, are granted broad discretionary power to determine whether declaratory relief may be appropriate in a particular suit. Atchafalaya Basin Levee Dist. v. Pecquet, 364 So.2d 610 (La.App. 1 Cir.1978). On appeal, the scope of our appellate review is a determination of whether or not the trial judge abused his discretion by granting the declaratory judgment in this case. Ricard v. State, 544 So.2d 1310 (La.App. 4 Cir.1989); Associated Indem. Corp. v. Louisiana Industries Prestressed Corp., 259 So.2d 89 (La.App. 4 Cir.1972).
The first issue presented for our review is whether the trial court abused its discretion in declaring that the legislative auditor did not have the authority to challenge the constitutionality of the Kenner city ordinances. We have reviewed the applicable law on this issue, as well as the entire record in this matter, and we conclude that the ruling of the trial court is correct.
The legislative auditor was created under the constitutional provisions relating to the legislative branch of government. La. Const. Art. 3, Section 11 provides as follows:
| fiThere shall be a legislative auditor responsible solely to the legislature. He shall serve as a fiscal advisor to it and shall perform the duties and functions provided by law related to auditing fiscal records of the state, its agencies, and political subdivisions. He shall be elected by the concurrence of a majority of the elected members of each house and may be removed by the concurrence of two-thirds of the elected members of each house.
The function of the office of the legislative auditor, including a definition of his powers and duties, is set forth in La. R.S. 24:511, et seq. The requirement on the part of a tax recipient agency such as the City of Kenner to supply information to the legislative auditor is contained in La. R.S. 47:1705.
La. R.S. 47:1705(A) provides as follows:
All tax recipient agencies of ad valo-rem taxes of each and every parish of the state of Louisiana, the parish of Orleans excepted, including the police jury, school board, levee district, special districts, municipalities, and all tax recipients of any nature whatsoever of ad valorem taxes, except municipalities which prepare their own tax rolls, are hereby required to furnish the assessor and the legislative auditor the authorizing ordinances or resolutions and the tax rate to be applied to the assessed values for ad valorem tax purposes not later than June 1 of each year.
Appellant argues that the authority of the legislative auditor to challenge the method by which taxes are collected is contained both in the above-cited constitutional provisions and in La. R.S. 47:1705(D), which provides as follows:
D. In order to carry out the mandate of Paragraph B of Section 23 of Article VII of the Constitution of Louisiana, the legislative auditor is hereby authorized and required to review the millages levied by each tax recipient body in each year that reassessment occurs to determine whether the millages levied are in compliance with the provisions of this Section and the constitution. The legislative auditor is also authorized and required to review the millages levied by *39 each tax recipient body in each year in which an increase in millage is made by a two-thirds vote of the total membership of the taxing |7authority under the provisions of Paragraph C of Section 23 of Article VII of the Constitution of Louisiana, to determine whether the millage levied is in compliance with the provisions of this Section and the Constitution. The auditor shall order changes in the amount of millage levied if the auditor determines thereafter that a mathematical error or mathematical errors have been made in the calculation of the adjustment of millages as required by this Section and the Constitution of Louisiana.
Although the legislative auditor is given authority to audit fiscal records and review millages levied by tax recipient bodies, nothing in the above-cited constitutional provisions nor in the applicable legislation authorizes the legislative auditor to determine the constitutionality of a taxing ordinance prior to approving the tax collection. In specific cases involving an increase in millages, La. R.S. 47:1705(D) authorizes the auditor to order changes in the amount of the millages levied where a mathematical error has been discovered. However, this statute does not authorize the auditor to refuse to certify the collection of property taxes based on a unilateral decision that the taxes imposed may violate constitutional provisions.
The record in this case fails to indicate that the city ordinances have been properly challenged by a taxpayer with valid standing within the municipal district. Further, the Attorney General has not joined in these proceedings or instituted suit to challenge the city ordinances on the basis that they violate the state constitution pursuant to his powers and duties contained in Article IV, Section 8 of the Louisiana Constitution. Rather, this case was instituted as a declaratory judgment following the legislative auditor’s refusal to approve of the 2002 ad valorem taxes in the City of Kenner.
lsThe law is well settled that the authority to determine the constitutionality of city ordinances is vested exclusively within the jurisdiction of the courts of this state. See, Midboe v. Commission on Ethics for Pub. Employees, 94-2270 (La.11/30/94), 646 So.2d 351, 356. The office of the legislative auditor is not a court, but is a creation of the legislative branch of government. The legislative auditor has no statutory or constitutional power or other authority to determine the unconstitutionality of the city ordinances, and absent a judicial determination regarding the legality of the ordinances, the auditor must accept their validity. Thus, the ordinances are valid and enforceable until they are judicially held to be invalid. Priola v. Calcasieu Parish Police Jury, 97-161 (La.App. 3 Cir. 6/4/97), 696 So.2d 183, 186, writ denied, 97-1693 (La.10/13/97), 703 So.2d 613.
Based on these fundamental legal precepts, we conclude that the legislative auditor is required to abide by the provisions of the Kenner City ordinances, and he is without legal power or authority to withhold approval of the ad valorem property taxes of the City of Kenner absent a judicial determination that the application of the homestead exemption to these taxes is unconstitutional. Thus, the trial court did not abuse his discretion in rendering a declaratory judgment declaring that the legislative auditor does not have the power or authority to challenge the constitutionality of the Kenner City ordinances.
The remaining issues presented by this appeal are whether the trial court erred in refusing to consider the constitutionality of these ordinances and in determining that the taxes referred to in the *40 ordinances are special taxes which are subject to the homestead exemption. As stated previously herein, there is no constitutional or statutory basis for the legislative auditor | ¡¡to challenge the constitutionality of a city ordinance. Further, in order to render a declaratory judgment, there must be a justiciable controversy.
Absent a determination that the legislative auditor has a legal basis for challenging the constitutionality of the subject ordinances, the court is precluded from reaching the merits of such a claim. Any decision rendered at this time would be premature and would constitute an advisory opinion which we are not permitted to render. Accordingly, as the trial court correctly found that the legislative auditor had no constitutional or statutory authority to challenge the ordinances, the trial court did not err in refusing to consider the constitutionality of these ordinances. However, insofar as the judgment held that the taxes referred to in these ordinances are considered to be special ad valorem taxes within the meaning of constitutional provisions, we find that the trial court erred. As the legislative auditor had no legal authority to challenge the constitutionality of the ordinances, we fail to find the existence of a justiciable controversy that would warrant the rendering of a declaratory judgment.
Therefore because the trial court reached the merits of the constitutional challenge to the city ordinances prematurely, we vacate and set aside in part the summary judgment granted below insofar as it declares that the ordinances referred to are special ad valorem taxes which are subject to the homestead exemption pursuant to constitutional provisions. In all other respects, the judgment of the trial court is affirmed.

AFFIRMED IN PART; VACATED IN PART

. Article VII, Section 20(A)(1) of the Louisiana Constitution provides in pertinent part: The bona fide homestead, ... owned and occupied by any person, shall be exempt from state, parish and special ad valorem taxes to the extent of seven thousand five hundred dollars of the assessed valuation. Article VII, Section 20(A)(3) provides in pertinent part: This [homestead] exemption shall not extend to municipal taxes.