MARC E. JOHNSON, Judge.
| ^Defendants, Jefferson Parish President and Parish Council (collectively “the Parish”), appeal the judgment of the Jefferson Parish Personnel Board (“the Board”) in favor of Plaintiffs[1] finding they are entitled to their annual Dominick A. Albano Tenure awards. We affirm.

FACTS & PROCEDURAL HISTORY

In 1966, the Jefferson Parish Council (“the Council”) passed Ordinance 14796, which amended the Parish Pay Plan by adding the Dominick A. Albano Tenure Award Program (“Tenure Award Program” or “Tenure Award”) and making it retroactive to January 1, 1966. Under the Tenure Award Program, each employee in the classified service having two or more years of continuous service is paid $25 for each full calendar year of such service, payable annually in a lump sum on December 1.
|3In November 2010, the Council adopted Ordinance 23916, ratifying the Parish’s annual operating budget for 2011. Ordinance 23916 explicitly denied funding for Tenure Awards.[2] It stated, “That due to fund-wide or district-wide budgetary restrictions annual pay increases, sale of annual leave and tenure pay will not he granted as stated in the Personnel Rules (Rule IV, Section 2.1, Rule IX, Section 2.4, Pay Plan Special Pay Provision 6, respectively).” (Emphasis added.) Jefferson Parish Code of Ordinances, Ordinance 23916, Section 7. As such, on December 1, 2011, parish employees who were eligible for the Tenure Award did not receive it.
On December 28, 2011, eight Jefferson Parish employees[3] (“the Employees”) filed a Petition of Appeal to the Personnel Board appealing the Parish’s decision not to pay them their Tenure Awards. In their appeal petitions, the Employees designated the Parish President and the Parish Council Chairman as the officials who authorized the actions against them. They sought to have the Board order that they be paid their annual Tenure Awards. The Employees specifically complained,
The Pay Plan of the Classified Service states that, “In addition to the pay rates heretofore provided in this Plan, each employee in the classified service having 2 or more years of continuous sendee shall be paid $25.00 for each full calendar year of such service.” “This payment shall be termed a Tenure Award, shall be intended to encourage and recognize career service, and shall be payable to employees in a lump sum, annually, on December 1.” There are no provisions for selectively paying the award based on budgetary constraints as is stated in the Personnel Rules when referring to annual pay raises. An action of this nature must be approved by the Jefferson Parish Personnel Board.
*605 |4The eight cases were consolidated for purposes of the appeal by the hearing officer/referee. The hearing officer later recused himself, on motion of the Parish, and ordered that the appeals be presented to the Board as a whole.[4] The parties were ordered to submit memoranda as to why the tenure payments were due or not due.
In its memorandum, the Parish asserted that it “must discontinue the practice of providing employees the Tenure Award because it is a prohibited donation of funds in violation of La. Const. Art. VII, § 14.” The Parish argued that the Tenure Award “does not pass constitutional muster” because it is not a merit award, but rather “is given to all employees regardless of the employee’s actions beyond those that are currently compensated.” The Parish concluded that the Tenure Award constitutes a prohibited donation of public funds in violation of La. Const. Art. VII, § 14, and should be discontinued.[5] Alternatively, the Parish maintained that the Board has no authority to require the Council to fund the tenure award.
At the Board hearing, Ronald Sessum, one of the appealing workers, argued on behalf of the Employees. The Employees’ position was that neither the Parish President nor the Parish Council had the legal authority to refuse payment of the Tenure Award. An assistant parish attorney argued on behalf of the Parish and maintained the Parish opposed payment of the Tenure Award on the grounds that it is unconstitutional and that the Parish does not have the funds to pay the awards.
After taking the matter under submission, the Board issued its decision on June 20, 2012, stating in pertinent part:
The Personnel Board having reviewed the record, the submissions and arguments of both sides, the facts and the applicable law rules as follows:
|sl. The Dominick A. Albano Tenure Award is not an unconstitutional use of Parish funds under the applicable law and the facts of this case.
2. The action of the Administration in presenting an amendment to the Parish Pay Plan to the Parish Council without first submitting it to the Personnel Board for consideration, is in direct conflict with Article 4, Section 4.0B D of the Home Rule Charter, which was specifically written to protect the Civil Service System and the employees of the Parish, is not in the best interests of either.
The appeals are granted; the appellants are entitled to, and should receive their annual Dominick A. Albano Tenure awards due December 1, 2011.[6]
The Parish appeals, seeking reversal of the determination that the Employees are entitled to the Tenure Awards due December 1, 2011.

*606
ISSUES

’ On appeal, the Parish contends the Board lacks subject matter jurisdiction to render a decision regarding the constitutionality of the Tenure Award. Alternatively, it argues the Board erred in finding the Tenure Award is constitutional. The Parish also asserts the Board erred in ordering the Parish to amend its 2011 operating budget to fund the Tenure Award.

LAW & ANALYSIS

The Parish’s sole response to the Employees’ administrative appeal before the Board was that its own ordinance is unconstitutional. And, now, after the Board found the ordinance establishing the Tenure Award is constitutional, the Parish argues the Board lacked subject matter jurisdiction to determine the constitutionality of the Tenure Award. The Employees contend that the | (¡determination of the constitutionality of a local ordinance should be left to the Board. Alternatively, the Employees argue the Parish failed to properly raise lack of subject matter jurisdiction as required by the Board’s appellate procedure.
The Jefferson Parish Personnel Board Rules of Appeal Procedure[7] provide for summary disposition of appeals when a written request is filed by any interested party on the ground that the Board lacks jurisdiction of the subject matter. Jeff. Par. Pers. Bd. Rules of App. Proc., Rule 4(a)(1). If the Board denies the request or refers it to the merits, however, the Board may reconsider it at any time prior to final disposition of the appeal. Jeff. Par. Pers. Bd. Rules of App. Proc., Rule 4(c). Further, the Board, on its own motion, may at any time summarily dispose of an appeal on any of the grounds listed in Subsection (a) of Rule 4. Jeff. Par. Pers. Bd. Rules of App. Proc., Rule 4(d).
These provisions, as related to the Board’s subject matter jurisdiction, must be read in conjunction with the Louisiana Code of Civil Procedure rules on lack of subject matter jurisdiction. Jurisdiction over subject matter cannot be conferred by consent of the parties. La. C.C.P. art. 3. Lack of subject matter jurisdiction is a declinatory exception. La. C.C.P. art. 925(A)(6). Declinatory exceptions must be pleaded prior to or in the answer or certain other limited pleadings. La. C.C.P. art. 928(A). All objections that may be raised through the declinatory exception are waived unless pleaded therein, except the court’s lack of subject matter jurisdiction over the subject matter of the action. La. C.C.P. art. 925(C). (Emphasis added.)
Generally, the failure to plead a decli-natory exception prior to answer or judgment by default constitutes a waiver of the objection. However, the exception of lack of jurisdiction over the subject matter goes to the core of the validity of a judgment and is not subject to the waiver |7provisions generally affecting declinatory exceptions ... and the exception may be raised at any stage of the proceedings.
Piper v. Olinde Hardware & Supply Co., Inc., 288 So.2d 626, 628 (La.1974).
Accordingly, we are not precluded from considering the issue of whether the Board had jurisdiction to determine the constitutionality of the Tenure Award.
*607 The Jefferson Parish Personnel Board receives its authority through the Jefferson Parish Home Rule Charter (“Charter”), which provides for administrative organization in the parish government, including a department of personnel. Jeff. Par. Charter, Art. 4, Section 4.03. The Charter states the personnel department shall consist of a personnel director and “a Personnel Board, which shall be policy making and quasi-judicial in nature.” Jeff. Par. Charter, Art. 4, Section 4.03(C).
The duties of the Board, in pertinent part, include reviewing the salary plan developed by the personnel director, holding public hearings thereon, making necessary amendments, and submitting the proposed plan to the Council for approval. Jeff. Par. Charter, Art. 4, Section 4.03(D)(2). Similarly, the Board reviews personnel rules prepared by the personnel director, including policies and procedures for administration of the salary plan; makes necessary amendment after public hearing; and submits the proposed rules to the Council. Jeff. Par. Charter, Art. 4, Section 4.03(D)(3)(b). In addition, the Board holds hearings on disciplinary matters as provided by the rules, and performs “such other policy making or quasi-judicial duties as may be required.” Jeff. Par. Charter, Art. 4, Section 4.03(E)(1) and (4).[8] Nothing in the Charter, the Code of Ordinances, the Personnel Rules, or the Personnel Board Rules of Appeal Procedure authorizes the Board to rule on the constitutionality of an ordinance.
] ^Determination of a law’s constitutionality is a judicial function constitutionally vested in the courts. La. Const. Art. V, § 1; Beauclaire v. Greenhouse, 05-765 (La.2/22/06); 922 So.2d 501, 506. A civil service commission lacks the power to rule on the constitutionality of a statute. Appeal of Brisset, 436 So.2d 654, 658 (La.App. 1st Cir.1983), writ denied sub nom., In re Brisset, 441 So.2d 749 (La.1983).
Considering the foregoing, we find the Board did not have authority to rule on the constitutionality of the Tenure Award Program, as established by parish ordinance.
Notwithstanding its dissatisfaction with the Board’s ruling on constitutionality, the Parish urges us to review the constitutionality issue ourselves, if we decide the Board improperly ruled on the constitutionality issue. The Parish asserts the ruling of the Board “effectively placed the constitutionality of the Tenure Award at issue.” Despite its prior assertion that the Board did not have subject matter jurisdiction to determine constitutionality, the Parish now desires this Court to rule on the issue. The reasons stated by the Parish in its brief for failure to pay the Tenure Award are “financial concerns of an approximately $700,000 expenditure, which may not be constitutionally permissible.”
“[Cjourts will not decide abstract, hypothetical or moot controversies, or render advisory opinions with respect to such controversies. In order to avoid deciding abstract, hypothetical or moot questions, courts require cases submitted for adjudication to be justiciable, ripe for decision, and not brought prematurely.” Cat’s Meow, Inc. v. City of New Orleans through Dept. of Finance, 98-601 (La.10/20/98); 720 So.2d 1186, 1193.
We do not find that this case is in the proper posture for a ruling on constitu *608 tionality. It was brought as individual claims by employees who were |9denied monies to which they are entitled under the Parish Pay Plan. The Parish admits that the Tenure Awards Program is still part of the Pay Plan, but that the Council has not allocated funding for the Tenure Awards for several years. It does not appear the Parish has standing to assert the unconstitutionality of its own ordinance in this proceeding.
In Greater New Orleans Expressway Com’n v. Olivier, 04-2147 (La.1/19/05); 892 So.2d 570, the Greater New Orleans Expressway Commission filed a petition for mandamus against two judges of the First Parish Court of Jefferson Parish to compel them to collect from certain traffic violators a five-dollar cost required by La. R.S. 32:57(G). The statute designated the proceeds for a special fund for the benefit of the Greater New Orleans Expressway Commission. The judges had refused to collect this cost, believing that the statute was unconstitutional. The trial court held the statute was unconstitutional. The Louisiana Supreme Court vacated the judgment, holding that parish court judges, as parties to a mandamus proceeding that sought to compel them to perform statutory duties that were ministerial in nature, lacked standing to challenge the constitutionality of the statute. The court pointed out,
Among the threshold requirements that must be satisfied before reaching a constitutional issue is the requirement that the party seeking a declaration of unconstitutionality have standing to raise a constitutional challenge. The requirement of standing serves to facilitate deference to the legislature in matters within the legislature’s purview. Because legislators owe the same duty to obey and uphold the constitution as do judges, legislators are presumed to have weighed the relevant constitutional considerations in enacting legislation, and legislative acts are presumed constitutional “until declared otherwise in proceedings brought contradictorily between interested persons.” [Citations omitted.]
Greater New Orleans Expressway Com’n v. Olivier, 892 So.2d at 573.
|inIn the present case, the Employees appealed the Parish’s refusal to pay the Tenure Award, as clearly required by the 1966 ordinance. In their administrative appeal, they sought payment of the award. Thus, in essence, the Employees sought a mandamus ordering the Parish to pay their awards in compliance with the ordinance. In Dore v. Tugwell, 288 La. 807, 813-14, 84 So.2d 199, 201 (La.1955), two widows sought a mandamus to compel the State Auditor and State Treasurer to pay them widows’ pensions as required by statute. The state officers refused on the basis the payment of the pensions was unconstitutional. The Louisiana Supreme Court found that the state officers were without standing to question the constitutionality of the statute. We find Dore analogous to the present case, and conclude the Parish does not have standing in this proceeding to question the constitutionality of the ordinance. Accordingly, we will not address the constitutionality of the Tenure Award in this appeal.
Ordinances are presumed constitutional and, thus, are valid and enforceable until they are judicially held to be unconstitutional. City of Kenner v. Kyle, 02-1262 (La.App. 5 Cir. 4/8/03); 846 So.2d 34, 39. The Tenure Award provides, “each employee in the classified service having 2 or more years of continuous service shall be paid $25.00 for each full calendar year of such service.” [Emphasis added.] There is no language in the Pay Provision that predicates the award on budgetary *609 approval or restrictions. Under the Board’s Rules of Appeal Procedure, Rule 9(c), the burden of proof as to the facts shall be on the appointing authority. The record shows that the Parish offered no evidence or argument that Plaintiffs were not entitled to the Tenure Award based on the facts; rather, the Parish’s sole defense was that the award was unconstitutional. Therefore, we find no error in the Board’s judgment that Plaintiffs are entitled to their annual Tenure Awards.
h Regarding the Parish’s contention that the Board erred in ordering the Parish Council to amend its operating budget to fund the Tenure Award, we find no merit to that contention because the Board’s ruling did not order the Council to amend its operating budget. The ruling simply held that Plaintiffs are entitled to receive the Tenure Award.

DECREE

Based on the foregoing, we find the Jefferson Parish Personnel Board did not have authority to rule on the constitutionality of the Dominick A. Albano Tenure Award. However, its determination that the Tenure Award is constitutional is inconsequential to its judgment that Plaintiffs are entitled to the Tenure Award because ordinances are presumed constitutional until a judicial determination to the contrary. A review of the record shows the Parish failed to prove Plaintiffs were not entitled to the Award under the facts. Accordingly, we affirm the Board’s judgment finding Plaintiffs/Appellants are entitled to the Tenure Award.

AFFIRMED.

CHEHARDY, Chief Judge, concurs in part and dissents in part.

. There are eight plaintiffs: Helena Harris, Margaret D. Remedes, Mary C. Clement, Lauren Claire Call, Adrianne A. Richoux, Dana S. Dunlap, Ronald E. Sessum, and Keith D. Hutchins.

. The record does not contain a copy of Ordinance 23916, but we are entitled to take judicial notice of it. See La. C.E. art. 202.

.According to the appeal petitions, all eight employees were employed in the Jefferson Parish Personnel Department with the following job titles: Ronald Sessum, Assistant Director of Personnel; Dana Dunlap, Executive Assistant; Lauren Call and Keith Hutchins, Personnel Technician III; Mary Clement and Adrianne Richoux, Typist Clerk III; and Helena Harris, Clerk III. Margaret Remedes' job title was not listed in her appeal petition.

. The basis for the motion to recuse was that the hearing officer was an employee in the classified service of the parish and, therefore, had an interest in the outcome of the appeals.

. Prior to the hearing, the Board notified the Attorney General of Louisiana of the constitutional challenges raised by the Parish. The Attorney General did not intervene in the proceeding.

. In a footnote, the Board noted.
The jurisdiction of the Personnel Board is limited to those who file timely appeals before it, so the Board lacks the power to extend its ruling. Howeverf,] the Board is not unmindful that the vast majority of Parish employees are not covered by this ruling. This inequity cries out for redress. It is hoped the Parish Council will see fit to extend the 2011 tenure award to all employees who otherwise would have qualified for it.

. We take judicial notice of the Jefferson Parish Personnel Board Rules of Appeal Procedure, pursuant to La. C.E. art. 202. In addition, the Board "may take notice of the provisions of the Charter, the Personnel Rules, the Classification Plan, and the Pay Plan without the necessity of an offer in evidence.” Jeff. Par. Pers. Bd. Rules of App. Proc., Rule 9(p).

. Black's Law Dictionary, Fifth Edition, defines "quasi judicial” as: "A term applied to the action, discretion, etc., of public administrative officers or bodies, who are required to investigate facts, or ascertain the existence of facts, hold hearings, and draw conclusions from them, as a basis for their official action, and to exercise discretion of a judicial nature.” See Connolly v. Stone, 01-929 (La.App. 5 Cir. 1/15/02); 807 So.2d 979, 981.