HANS J. LILJEBERG, Judge.
| Appellants, Louis Rodriguez-Roble and Marisol Soto-Ayala, appeal the trial court’s judgment granting the exception of lack of subject matter jurisdiction filed by appellee, American National Property and Casualty Company (“ANPAC”). For the following reasons, we affirm.

FACTS AND PROCEDURAL HISTORY

Appellants filed a petition for damages alleging on or about August 28, 2012, their property located at 80 Ridgewood Drive in Laplace, Louisiana, sustained wind, rain and flood water damage during Hurricane Isaac. Appellants sued ANPAC under Policy No. 9901262282012, which is a flood insurance policy. Appellants contend they provided satisfactory proof of their claim,but ANPAC failed to make any offers to *661 resolve this claim. As a result, appellants filed this lawsuit seeking damages under their policy, as well as penalties for AN-PAC’s | ^alleged bad faith and unreasonableness in failing to make an offer to settle or pay their claim.
In response to appellants’ petition, AN-PAC Louisiana Insurance Company filed an exception of no right of action seeking dismissal of the claims against it on the grounds that appellants sued ANPAC Louisiana Insurance Company in its capacity as a homeowner’s insurer.[1] ANPAC Louisiana Insurance Company claimed it did not issue a homeowner’s policy to appellants. The trial court granted the exception of no right of action and dismissed appellants’ claims against both ANPAC Louisiana Insurance' Company and appel-lee, ANPAC, in their capacity as alleged homeowners’ insurers; The trial court further allowed appellants time’ to amend their petition to name their flood insurance carrier. Appellants filed a first supplemental and amending petition indicating their intent to sue appellee, ANPAC “in its capacity as flood insurer.”
In response to the supplemental and amending petition, ANPAC filed an exception of lack of subject matter jurisdiction in its “fiduciary capacity as a fiscal agent of the United States” and as a “Write-Your-Own Program carrier participating in the U.S. Government’s National Flood Insurance Program” (“NFIP”). ANPAC argued the state court lacked subject matter jurisdiction because under the NFIP, federal courts enjoy exclusive jurisdiction over the denial and adjustment of flood insurance claims. In support of its exception, ANPAC attached a copy of flood policy declarations for Policy No. 99012628182012 which insured appellants’ home when it sustained damage as a result of. Hurricane Isaac.
In their opposition brief, appellants objected to the flood policy declaration presented by ANPAC because it was not a certified copy and it listed the former Downer of the property, Peggy Ann Ba-deaux, as the insured, rather than appellants.[2] During oral argument heard on September 12, 2014, ANPAC’s counsel'indicated he was providing the trial court with an additional flood policy declarations page- which listed appellants’ names. However, it does not appear the trial court formally entered this document into evidence. ’
Following oral argument, the trial court took the matter .under submission and on September 24, 2014, the trial court issued a judgment sustaining appellee’s exception of lack of subject matter jurisdiction. The judgment included a section entitled “Discussion,” wherein the trial court explained that it sustained the exception because appellants’ “claims arising against AN-PAC, which operates under the Write Your Own (“WYO”) Program, ■ are governed by federal law which has original exclusive jurisdiction.” The trial court also dismissed appellants’ arguments objecting to the flood policy declarations page on the grounds the document adequately identified the insured property which is the subject of this litigation.

LAW AND DISCUSSION

On appeal, appellants set forth eight assignments of error. The ■ majority, of *662 these assignments of error, as well as the entire argument section of their brief, focus on appellants’ position that ANPAC failed to introduce sufficient evidence to establish their flood insurance policy is part of a “federal program” that creates exclusive subject matter jurisdiction in the federal courts. Appellants further claim, ipse dixit, the state court has concurrent jurisdiction over their claims against the appellee. Additionally, appellants completely fail to address whether the federal courts have exclusive jurisdiction over their claims against appellee.
IsThe NFIP, created under the National Flood Insurance Act of 1968, provides coverage for property losses resulting from' flood damage. See Gowland v. Aetna, 143 F.3d 951, 953 (5th Cir.1998). The Federal Emergency Management Agency (“FEMA”) operates the program and issues policies either directly to insureds or through private insurers such as ANPAC. Id. All claims are paid directly from the federal treasury and policies are issued in the form of a Standard Flood Insurance Policy (“SFIP”). Id.; 44 C.F.R. §§ 61.4(b), 61.13(d).
A person insured under and making a claim under such a policy is charged with constructive knowledge of the provisions of his particular SFIP and the NFIP, regardless of his actual knowledge of what is in the regulations and regardless of the hardship resulting from innocent ignorance. Worthen v. Fidelity Nat. Property and Cas. Ins. Co., 463 Fed.Appx. 422, 424 (5th Cir.2012). In fact, in Miller v. American Bankers Insurance Group, 85 F.Supp.2d 1297, 1301 (S.D.Fla.4/30/99), the court recognized because a flood insurance policy is codified under federal law, an insured is charged with knowledge of a flood insurance policy’s contents even if the insured never received a copy of the policy.
Furthermore, Louisiana state and federal courts have both recognized the National Flood Insurance Act and regulations governing an SFIP both provide federal courts with exclusive jurisdiction over disputes regarding the denial and adjustment of flood claims. See 42 U.S.C. § 4072[3] and 44 C.F.R. Pt. 61, App. A(1), art. VII(R); Ferraro v. Liberty Mutual Insurance Company, 796 F.3d 529, 531 (5th Cir.2015) (“42 U.S.C. § 4072 ... provides exclusive federal jurisdiction over litigation arising out of the NFIP.”); Landry v. Louisiana Citizens Prop. Ins. Corp., 07-247 (La.App. 3 Cir. 8/28/07), 964 So.2d 463, 470, affirmed in part, vacated in part on other grounds, 983 So.2d 66 (La.2008); Landry v. State Farm Insurance Company, 428 F.Supp.2d 531, 532-33 (E.D.La.4/25/06).
It is undisputed appellants seek damages and bad faith penalties from ANPAC in its capacity as a flood insurer under Policy No. 9901262282012 based on its alleged failure to pay their flood claim. Appellants cannot avoid the federal courts’ *663 original exclusive jurisdiction over these claims based on their alleged lack of understanding that their policy is part of a “federal program.” As explained more fully above, the NFIP provides coverage for flood losses and appellants are charged with the constructive knowledge that their flood policy is codified under federal law and subject to the exclusive jurisdiction of the federal courts.
Appellants also appear to contend the trial court erred in sustaining the exception of lack of subject matter jurisdiction because ANPAC’s sole remedy was to remove this matter to federal court. Because federal courts have exclusive subject matter jurisdiction over disputes involving the payment and adjustment of flood insurance claims, appellants’ arguments regarding appellee’s failure to remove this matter to federal court are of no moment. A party cannot waive issues relating to the state court’s lack of subject matter jurisdiction. See Harris v. Jefferson Parish President, 12-715 (La.App. 5 Cir. 5/23/13), 119 So.3d 603, 607. Furthermore, a judgment rendered by a court which has no subject matter jurisdiction is void. La. C.C.P. art. 3.
Appellants also argue the trial court erred in finding it lacked subject matter jurisdiction because the federal government is not a party to these proceedings. However, appellants fail to cite to any law requiring the joinder of the federal | Tgovernment in a lawsuit involving a flood insurance claim. Finally, appellants do not dispute ANPAC’s representations that it appeared in these proceedings as a “Write-Your-Own Program carrier participating in the U.S. Government’s National Flood Insurance Program” and as a “fiscal agent of the United States.” Accordingly, appellants assignments of error are without merit.

DECREE

For the foregoing reasons, we affirm the trial court’s judgment sustaining ANPAC’s exception of lack of subject matter jurisdiction.

AFFIRMED

. The record does not contain an explanation as to why ANPAC Louisiana Insurance Company filed this exception, as opposed to the appellee, ANPAC.

. At oral argument, appellants' counsel explained his clients -purchased the insured home from Ms. Badeaux shortly before Hurricane Isaac, and the flood insurance policy was transferred to appellants as part of the transaction.

. 42 U.S.C § 4072 provides:
In the event the program is carried out as provided in section 1340 [42 USCS § 4071], the Administrator shall be authorized to adjust and make payment of any claims for proved and approved losses covered by flood insurance, and upon the disallowance by the Administrator of any such claim, or upon the refusal of the claimant to accept the amount allowed upon any such claim, the claimant, within one year after the date of mailing of notice of disallowance or partial disallowance by the Administrator, may institute an action against the Administrator on such claim in the United States district court for the district in which the insured property or the major part thereof shall have been situated, and original exclusive jurisdiction is hereby conferred upon such court to hear and determine such action without regard to the amount in controversy.